[No. E031719. Fourth Dist., Div. Two. Feb. 5, 2003.]

DODGE, WARREN & PETERS INSURANCE SERVICES, INC., Plaintiff and Respondent, v.
JAMES W. RILEY et al., Defendants and Appellants.

1416

## COUNSEL

The Greenberg Law Firm and Raymond A. Greenberg for Defendant and Appellant James W. Riley.

Law Offices of Perry R. Fredgant and Perry R. Fredgant for Defendants and Appellants Sandra L. McGovern, Patricia Anaya and Parthena Yorke.

Jones, Bell, Abbott, Fleming & Fitzgerald, Trenton J. Hill and Brian G. Mulherin for Plaintiff and Respondent.

## OPINION

**RAMIREZ, P. J.**—Defendants James W. Riley (Riley), Sandra L. McGovern (McGovern), Patricia Anaya (Anaya) and Parthena Yorke (Yorke, collectively Defendants) appeal from an order issuing a preliminary injunction against them. The injunction requires the preservation of electronic evidence by prohibiting Defendants from destroying, deleting or secreting from discovery any of their electronic storage media and by requiring them to allow a court-appointed expert to copy all of it, including computer hard drives and discs, to recover lost or deleted files and to perform automated searches of that evidence under guidelines agreed to by the parties or established by the court. Defendants claim that the trial court erred in issuing the injunction because an adequate remedy at law existed and because plaintiff Dodge, Warren & Peters Insurance Services, Inc. (Dodge) provided no evidence in support of its issuance. We affirm.

### FACTS AND PROCEDURAL HISTORY

Dodge is an insurance brokerage firm that employed Defendants. In December 2001, while still employed at Dodge, Riley and Garrison Gershon (Gershon) began taking steps to leave Dodge to open their own insurance brokerage. Anaya, McGovern and Yorke, whom they informed of their intentions, decided to leave Dodge and to follow Riley and Gershon to their new company. Before leaving Dodge, Riley and Gershon agreed that they would obtain copies of documents maintained in Dodge's files and computer storage media. Defendants were terminated from their employment with Dodge on January 21, 2001, when it discovered their intentions. However, they did copy and take Dodge files with them prior to their departure.

On February 1, 2002, Dodge filed a complaint against Defendants, alleging eight causes of action based on claims of misappropriation of trade

secrets, unfair business practices, breach of fiduciary duty and breach of contract. On April 30, 2002, Dodge filed an ex parte application seeking the instant order. Dodge sought to "freeze" Defendants' electronically stored data so that it would be available for future discovery, if appropriate, and claimed that even Defendants' innocent use of the media could result in the destruction of potential evidence. Prior to requesting the injunction, Dodge had served Defendants with requests for production, seeking to obtain the computer and other electronic storage media that were the subject of the injunction.

After continuing the hearing to allow Defendants to file a motion for a protective order, the trial court heard argument on both Dodge's preliminary injunction and Defendants' request for a protective order. Ultimately, it denied Defendants' motion, granted Dodge's application, and issued the preliminary injunction. This appeal followed.

## DISCUSSION

First, we must determine whether it was appropriate for the trial court to issue an injunction to prevent the potential destruction of evidence pending discovery. An injunction may be granted "[w]hen it appears, during the litigation, that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action, and tending to render the judgment ineffectual." (Code Civ. Proc., § 526, subd. (a)(3).) The purpose of a preliminary injunction is to preserve the status quo pending a determination on the merits of the claim. (*Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 528 [67 Cal.Rptr. 761, 439 P.2d 889].)

In this case, each of these statements applies so long as one understands that we are not here dealing with a determination on the merits of, or a final judgment on, the entire action. Rather, the claim or "judgment" here is the right to discovery. The application for the injunction stated that Defendants were, innocently or not, acting in such a way as to violate Dodge's right to discovery by destroying potentially discoverable evidence. By doing so, Defendants were rendering Dodge's right to discovery ineffectual. The application further requested that the status quo be preserved pending a determination of the question whether certain evidence would be subject to discovery. We cannot conceive, as a matter of policy, given the broad discretion possessed of the trial court to ensure the effective administration of justice, why injunctive relief should not be available under

circumstances such as these, should it otherwise be merited. (See *Kollander Construction, Inc. v. Superior Court* (2002) 98 Cal.App.4th 304, 312 [119 Cal.Rptr.2d 614] [trial court's core function is to ensure orderly and effective administration of justice]; *Northpoint Homeowners Assn. v. Superior Court* (1979) 95 Cal.App.3d 241, 244 [157 Cal.Rptr. 42] [trial court has inherent power to make orders facilitating discovery and the presentation of evidence].)

Defendants claim that the injunction was not properly issued because the Civil Discovery Act of 1986 (Discovery Act) provides Dodge with an adequate remedy at law. Essentially, they are claiming that the Discovery Act provides an exclusive framework for dealing with evidence in a legal action. They provide no authority for this proposition. Further, they have failed to establish that the Discovery Act provides any protection such as that sought by Dodge. Neither Code of Civil Procedure section 2017, subdivision (e), nor section 2019 provides a mechanism for the preservation of evidence. And, Code of Civil Procedure section 2031, subdivision (f) authorizes the trial court to issue orders protecting a party from producing evidence. It does not specifically authorize the trial court to act on behalf of the party seeking evidence. Indeed, *Northpoint Homeowners Assn. v. Superior Court, supra,* 95 Cal.App.3d 241, in which a party looking to preserve evidence sought a protective order under the discovery statutes, stands for the proposition that such a protective order is not authorized by the discovery statutes, but is, essentially, an injunction. (*Id.* at pp. 243-246.)

In addition, we are unconvinced that the availability of sanctions for misuse of the discovery statutes establishes an adequate remedy at law for the preservation of evidence. Defendants point out that the Supreme Court has recently held that there is no separate tort cause of action for intentional spoliation of evidence, in part because of the existence of other remedies. (*Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 4 [74 Cal.Rptr.2d 248, 954 P.2d 511].) Therefore, they conclude, the Supreme Court has determined that other sanctions are adequate to protect a litigant's rights. The *Cedars-Sinai* holding cannot be so narrowly construed. It must be emphasized that the issue before the Supreme Court was whether a new tort cause of action should be recognized. (*Ibid.*) A primary reason for denying the existence of a separate tort remedy was to prevent an endless cycle of litigation. (*Id.* at pp. 8-11.) In support of its conclusion, the Supreme Court did cite to the existence of nontort remedies, including evidentiary and monetary sanctions, as well as criminal penalties, which act as deterrents to intentional acts of spoliation. (*Id.* at pp. 11-13.) However, the Supreme Court did not disapprove of injunctive relief as another nontort alternative. Further,

in deciding not to allow a new tort cause of action, the Supreme Court certainly did not suggest that a litigant could do nothing to prevent spoliation from occurring, but could only react after the fact. Finally, in recognizing the difficulty in proving damages for intentional evidence spoliation, the Supreme Court also recognized that irreparable harm is likely to result when evidence is destroyed. (*Id.* at pp. 13-14.)

Next, Defendants claim that the injunction was not properly issued because Dodge did not make the showing necessary to obtain it. ■ Trial courts traditionally consider and weigh two factors in determining whether to issue a preliminary injunction. They are (1) how likely it is that the moving party will prevail on the merits, and (2) the relative harm the parties will suffer in the interim due to the issuance or nonissuance of the injunction. (*Whyte v. Schlage Lock Co.* (2002) 101 Cal.App.4th 1443, 1449 [125 Cal.Rptr.2d 277] (*Whyte*).) "[T]he greater the . . . showing on one, the less must be shown on the other to support an injunction." (*Butt v. State of California* (1992) 4 Cal.4th 668, 678 [15 Cal.Rptr.2d 480, 842 P.2d 1240].) We must determine whether these two factors were properly considered by reviewing the trial court's decision for abuse of discretion. Only if the trial court abused its discretion on both the question of success on the merits and the question of irreparable harm, may we disturb its ruling. (*Whyte, supra,* 101 Cal.App.4th at p. 1450.) A trial court abuses its discretion when its decision exceeds the bounds of reason by being arbitrary, capricious or patently absurd. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319 [27 Cal.Rptr.2d 595, 867 P.2d 706].) In determining whether there has been such an abuse, we cannot reweigh evidence or pass upon witness credibility. The trial court is the sole arbiter of such conflicts. Our role is to interpret the facts and to make all reasonable inferences in support of the order issued. (*Whyte, supra,* 101 Cal.App.4th at p. 1450.)

■ We first consider the likelihood that Dodge will prevail on the merits. This point concerns whether there is evidence in the computer and other electronic storage media that Dodge will be able to discover. The record shows that in addition to photocopying thousands of documents, Defendants copied many of Dodge's computer files onto discs and took them off-site for later use at the new agency. Defendants admit having taken voluminous files from Dodge. The computers may also contain other evidence supportive of Dodge's causes of action. ■ Discovery has traditionally been liberally granted by the courts, and the Discovery Act, by its very terms, authorizes inquiry into even irrelevant matters so long as their revelation may lead to the discovery of admissible evidence. (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 987 [118 Cal.Rptr.2d 715]; Code Civ.

Proc., § 2017, subd. (a).) ▮▮▮ In light of these facts we cannot say that the trial court here abused its discretion in determining that Defendants' computer and electronic storage media contained information that Dodge would have a right to discover.

On the issue of irreparable harm, the record indicates that Dodge could irretrievably lose evidence that otherwise would have been available to it. We have already seen how no other remedy was shown to provide adequate relief. On the other hand, the record shows that the harm to Defendants would be negligible. The media would be copied in Defendants' presence and after working hours so as to not interrupt their ability to conduct business. No damage to or loss of information would result from the copying. The copied material would be unavailable to anyone except upon agreement of the parties or order of the court. Thus, concerns over privacy and privilege were minimized to the point of nonexistence. Further, the reasonable cost to Defendants to review the copied files for irrelevant and privileged documents was to be borne by Dodge, subject to reallocation by the trial court. Under these circumstances we cannot say that the trial court abused its discretion in determining that Dodge would suffer greater harm should the injunction not be issued than Defendants would suffer if it were. Because of our standard of review, the fact that evidence existed to support a contrary conclusion is irrelevant.

Defendants claim that Dodge's key evidence was inadmissible. ▮ However, the record shows that they did not obtain rulings on their objections. While they cite to the trial court's statement that it disregarded evidence that they complained about, such representations are not sufficient to preserve evidentiary challenges for appeal. (*Laird v. Capital Cities/ABC, Inc.* (1998) 68 Cal.App.4th 727, 736 [80 Cal.Rptr.2d 454].)

▮ Defendants also assert that Dodge was not entitled to the relief that it received and asks us to decide the ultimate question on the merits. In other words, they attempt to show that Dodge is not entitled to obtain the discovery that might be preserved through this injunction as a matter of law. As recognized by the Supreme Court in *Butt v. State of California, supra,* 4 Cal.4th at page 678, footnote 8, because the order on appeal is a preliminary injunction, and because we must review it for abuse of discretion, we may not yet consider that question. In support of the same argument, Defendants attempt to raise on appeal the merits of their motion for a protective order, which was denied. The denial of a protective order is not appealable. (*Southern Pacific Co. v. Oppenheimer* (1960) 54 Cal.2d 784, 786 [8 Cal.Rptr. 657, 356 P.2d 441].) Therefore, we may not consider that question at this point either.

Dodge has requested that it be awarded its attorney fees on appeal according to contracts between it and defendants Riley and McGovern. The question of the right to attorney fees is more properly left to the trial court, upon proper application. (*Security Pacific National Bank v. Adamo* (1983) 142 Cal.App.3d 492, 498 [191 Cal.Rptr. 134].)

Finally, Dodge has requested an award of sanctions against Defendants on the grounds that they brought this appeal for an improper purpose and because it is objectively frivolous. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 26(a).) ■ An appeal is frivolous "only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit. [Citation.]" (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].) Nevertheless, an appeal is not frivolous simply because it has no merit. (*Ibid.*) Sanctions are to be "used most sparingly to deter only the most egregious conduct." (*Id.* at p. 651.) Further, "[a]n appeal, though unsuccessful, should not be penalized as frivolous if it presents a unique issue which is not indisputably without merit, or involves facts which are not amenable to easy analysis in terms of existing law, or makes a reasoned argument for the extension, modification, or reversal of existing law. [Citation.]" (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1296 [91 Cal.Rptr.2d 60].) It has long been the policy of this court to apply these principles when sanctions are sought. (*Summers v. City of Cathedral City* (1990) 225 Cal.App.3d 1047, 1073-1078 [275 Cal.Rptr. 594].) Weighing the chilling effect of sanctions against the issues raised herein, and finding that a reasonable attorney may well have believed in their merit, we conclude that this case does not justify the imposition of sanctions.

## DISPOSITION

The order issuing the injunction is affirmed. Plaintiff to recover its costs on appeal.

Hollenhorst, J., and Richli, J., concurred.