Filed 3/26/15  de Langis v. Hermanne CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID JON DE LANGIS, | |
| Plaintiff and Appellant, | G048900 |
| v. | (Super. Ct. No. 30-2013-00622505) |
| HERMANNE, LLC, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order and judgment of the Superior Court of Orange County, Jamoa A. Moberly, Judge.  Order and judgment affirmed.  Request for judicial notice denied.  Motion for sanctions granted.

Kenneth D. Sisco; La Jolla Law Group, Kent L. Sharp and Brien J. O'Meara for Plaintiff and Appellant.

Law Offices of Edwin Paul, Edwin Paul and Margie L. Jesswein for Defendant and Respondent.

*          *          *

Defendant and respondent Hermanne, LLC (defendant) obtained a $1.2 million default judgment against plaintiff and appellant David Jon de Langis (plaintiff). After plaintiff filed two different lawsuits and an unsuccessful motion seeking to set aside the default and default judgment, plaintiff filed this action for fraud, abuse of process, and violation of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961 et seq.; RICO),[1] claiming defendant improperly obtained the default judgment.

Plaintiff now appeals from a judgment of dismissal entered after the court granted defendant's special motion to strike plaintiff's complaint under Code of Civil Procedure section 425.16 (section 425.16; anti-SLAPP motion). Plaintiff contends the court erred because his claims did not arise from protected activity and, even if they did, he demonstrated a probability of prevailing on the merits of his case. We conclude the court correctly granted the anti-SLAPP motion and affirm.

Defendant filed a motion for sanctions, arguing the appeal had no merit and was filed for purposes of delay. We agree the appeal is frivolous and award sanctions.

Defendant also filed a request for judicial notice in support of the motion for sanctions. We deny the request for judicial notice as it is essentially comprised of documents filed after the notice of appeal. Additionally, one document is a published California Court of Appeal decision that we may consider without the need for judicial notice. The last document is a copy of billing records submitted by defendant's counsel in connection with the motion for sanctions. This document is an exhibit to counsel's declaration in support of sanctions and does not need to be judicially noticed.

## FACTS AND PROCEDURAL HISTORY

In 2006 defendant entered into a construction contract with CBI Technology Group, Inc., (CBI) to act as a general contractor to build two residences (Property) for just under $2.1 million. Plaintiff was an officer, director, and shareholder

---

[1] Plaintiff's separate claim for injunctive relief is not a cause of action but a remedy. (*Marlin v. Aimco Venezia, LLC* (2007) 154 Cal.App.4th 154, 162.)

of CBI and acted as its responsible managing officer. Plaintiff and CBI failed to supervise and pay subcontractors and to timely complete construction, ultimately abandoning the project.

Litigation began when one of the subcontractors filed a mechanic's lien and sued defendant and CBI to foreclose on the lien. CBI defaulted. Defendant settled the action by paying off the mechanic's lien, and filed a cross-complaint against CBI. CBI and plaintiff then recorded a mechanic's lien for just over $69,000 on the Property. Defendant amended the cross-complaint, adding plaintiff, and other parties, alleging several causes of action arising out of the failed construction project.

Defendant then made multiple futile attempts, both personally and by mail, to serve the summons and cross-complaint on plaintiff at a variety of addresses obtained through the Contractors State License Board, Secretary of State, and county recorder's office. Service to one address was returned as undeliverable. One address was a United Parcel Service store mailbox for a defunct company. Two other addresses were for residences plaintiff did not occupy. At a third, gated, residence, defendant unsuccessfully attempted to personally serve plaintiff ten times; five were after a stakeout. Finally, defendant mailed a notice and acknowledgement of receipt to that address; they were never returned.

Thereafter, defendant served by plaintiff publication. When plaintiff did not timely answer, defendant filed a request to enter default. The declaration in support checked a box stating defendant had not mailed the request to plaintiff because his address was unknown. Default was entered in March 2010. In July 2010 defendant proved up its default judgment in the sum of $1.22 million. Defendant recorded an abstract of judgment in Los Angeles County in September 2010 and in Orange County in January 2011.

Plaintiff learned of the default judgment in January 2011. In March 2011 he filed a complaint in Orange County to set aside the default and default judgment. The

3

complaint alleged, among other things, that the statement in the request to enter default that defendant did not know his address was false, and defendant made false statements in its prove-up of the default judgment. After two demurrers were sustained, plaintiff dismissed the complaint without prejudice in August 2011.

Plaintiff filed a motion to set aside the default and default judgment[2] based on Code of Civil Procedure sections 473.5 and 473, subdivision (d), claiming he had not received notice of the action and the default judgment was obtained by fraud. In May 2012, 26 months after the default was entered, and 16 months after plaintiff learned of the default judgment, plaintiff's motion was denied because it was not made within a reasonable time. Plaintiff's September 2012 appeal of this order was dismissed for failure to designate a record.

In June 2012 plaintiff filed a new action in Los Angeles County that was identical to the original, dismissed Orange County suit. Concurrently, he sought an ex parte temporary restraining order (TRO) to stay execution of the default judgment. It was denied. In September the court granted defendant's motion to sell certain of plaintiff's real property. In February 2013 the Los Angeles County case was dismissed for failure to prosecute.

In January 2013 plaintiff filed the current action, making the same allegations as in the first two, with the addition of the RICO claim. He alleged service of the complaint on plaintiff and the default were obtained by extrinsic fraud. Specifically, statements in the declaration for an order to serve by publication were false because defendant knew plaintiff's address; for the same reason, the declaration in support of the request to enter default was false; the declaration proving up the default judgment contained false statements and defendant did not serve it on plaintiff; defendant did not

---

[2] Neither party indicates the date the motion was filed, and we did not find a date in the record. Plaintiff states that in early January 2012 he filed an ex parte application to obtain an early hearing date. The application was denied.

record the abstract until 179 days after default judgment was entered, making it too late for constructive notice that would allow him to file a motion to set aside the default and default judgment; and defendant did not timely serve either the notice of judgment or the abstract of judgment on plaintiff.

On January 8, the day before a scheduled sheriff's sale, plaintiff's ex parte application to enjoin that sale was denied, without prejudice to being brought before the judge who decided the underlying action. That same day, plaintiff filed a chapter 11 bankruptcy, triggering the automatic stay. The current case was removed to the bankruptcy court. On defendant's motion, the bankruptcy was dismissed. The court ruled plaintiff had filed it in bad faith and a state court had already decided plaintiff's arguments about the merits of defendant's default judgment.

The day before a rescheduled date for the sheriff's sale in May, plaintiff again sought an ex parte TRO to enjoin the sale. The TRO application was based on the same facts and arguments set out in the first two ex parte applications as well as in the motion to set aside the default and default judgment. The application was also denied.

In granting defendant's anti-SLAPP motion, the court found defendant's activity of alleged perjured declarations and failure to serve the notice of entry of default was protected under section 425.16, subdivision (e). It also found plaintiff had not met his burden to show the probability of prevailing on the action. The litigation privilege (Civ. Code, § 47, subd. (b)) protected the activity complained of and further plaintiff had not made a prima facie case for any of his causes of action.

### DISCUSSION

*1. Introduction*

Section 425.16, subdivision (b)(1) provides that a cause of action arising from a constitutionally protected right of free speech may be stricken unless the plaintiff establishes the probability he will prevail on the claim. The court must engage in a two-step analysis. First, it must determine whether the defendant has met its burden to show

5

"'that the challenged cause of action is one arising from protected activity.'" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733.)  If so, the court must consider whether the plaintiff has met his burden to show the likelihood of prevailing on the claim. (*Ibid*.)  We review an order granting an anti-SLAPP motion de novo.  (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325-326.)

2.  *Protected Activity*

Under section 425.16, subdivision (e) an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes:  (1) any written or oral statement or writing made before a . . . judicial proceeding . . ., [or] (2) any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body . . . ."

"'A cause of action "arising from" defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike.' [Citations.]"  (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056; *Rusheen*.)  "[C]ourts have adopted 'a fairly expansive view of what constitutes litigation-related activities within the scope of section 425.16.' [Citation.]"  (*Kolar v. Donahue, McIntosh & Hammerton* (2006) 145 Cal.App.4th 1532, 1537.)  They include "communicative conduct such as the filing, funding, and prosecution of a civil action."  (*Rusheen*, *supra*, 37 Cal.4th at p. 1056.)

Although plaintiff labels his causes of action fraud, abuse of process, and a RICO claim, they are all based on the alleged improper service of the complaint, prove-up of the default judgment, and delay in recording an abstract of judgment in the underlying action.  Thus, the gravamen of the action is "misconduct in the underlying litigation. . . .  [T]hat is the essence of the tort of abuse of process. . . ."  (*Booker v. Rountree* (2007) 155 Cal.App.4th 1366, 1370, italics omitted.)  An abuse of process claim is subject to an anti-SLAPP motion.  (*Ibid*.; see also *Rusheen*, *supra*, 37 Cal.4th at p. 1056 [cause of action based on acts in litigation subject to special motion to strike].)

6

While acknowledging abuse of process claims generally arise out of protected activity, plaintiff conclusorily states that is not the case here because the application to publish the summons and the request to enter default contained perjurious statements. Plaintiff's failure to develop this claim with reasoned legal argument and supporting authority forfeits the issue. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Even on the merits, however, the claim fails. Just because conduct is allegedly wrongful does not remove it from the scope of section 425.16. (*Birkner v. Lam* (2007) 156 Cal.App.4th 275, 285.) There is a narrow exception for illegal conduct but it "applies only if a 'defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law.' [Citation.]" (*Ibid*.) Defendant does not concede any impropriety. Furthermore, there is no conclusive evidence any of defendant's acts were illegal as a matter of law.

*Lefebvre v. Lefebvre* (2011) 199 Cal.App.4th 696, 705, on which plaintiff relies, is inapt. There, an ex-wife conceded the police report she made about her ex-husband was false and illegal. Thus, her activity was not conduct in furtherance of her right to free speech. Contrast that case with, for example, *Dwight R. v. Christy B.* (2013) 212 Cal.App.4th 697, 712, that held the mere claim the defendant committed unlawful acts did not make them illegal as a matter of law and thus they fell within the protection of the anti-SLAPP statute.

Taking a different tack in the reply brief, plaintiff argues defendant's alleged wrongdoing is not protected because it was not speech or activity but the absence of such, i.e., defendant's failure to serve the request to enter default. This argument fails for several reasons.

To start with, we decline to consider an issue raised for the first time in the reply brief. (*State Water Resources Control Bd. Cases* (2006) 136 Cal.App.4th 674, 835-836.) In addition, the argument is inconsistent with facts on which plaintiff relies and

7

with other arguments. Plaintiff elsewhere asserts the gravamen of the case is "whether a litigant may file perjured documents . . . to obtain a Default Judgment." Further, plaintiff alleges, among other things, defendant made a false statement in the request to enter default, failed to serve the declaration and exhibits upon which it relied to prove up the default judgment, made misstatements of fact in the declaration, and recorded the abstract of judgment in Orange County 179 days after entry of the default judgment.

Finally, plaintiff's argument is legally incorrect. Whether defendant's alleged wrongdoing is described as taking action or failing to take action, it was all litigation activity. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 90 [anti-SLAPP statute covers both acts and omissions].) In short, defendant met its initial burden and showed the activity and speech about which plaintiff complains is protected by section 425.16.

3. *Probability of Prevailing on the Merits*

Thus, the burden shifted to plaintiff to show the probability of prevailing on his claims. To satisfy this burden plaintiff had to both show the legal sufficiency of the complaint and provide evidence to support a prima facie case capable of supporting judgment in his favor. (*Rivera v. First DataBank, Inc.* (2010) 187 Cal.App.4th 709, 718.)

a. *Fraud and Abuse of Process*

Plaintiff cannot prevail on the merits of these causes of action because the alleged wrongful activity is absolutely privileged under Civil Code section 47, subdivision (b). This litigation privilege applies to any communication during the course of litigation that is logically related to the action, and bars all intentional tort claims except malicious prosecution. (*Rusheen*, *supra*, 37 Cal.4th at p. 1057.) Thus it defeats both the fraud and abuse of process causes of action.

Plaintiff claims an exception to the litigation privilege based on extrinsic fraud. But "'[w]here a civil judgment is procured by extrinsic fraud, the normal remedy is to seek equitable relief from the judgment, not to sue in tort. [Citations.]' [Citation.]" (*Home Ins. Co. v. Zurich Ins. Co.* (2002) 96 Cal.App.4th 17, 26.)

8

Further, plaintiff has not shown extrinsic fraud. To prevail on that claim he would have to prove a meritorious case, a reasonable excuse for not defending the original action, and "'diligence in seeking to set aside the default once . . . discovered.' [Citation.]" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 982.) Even without addressing the first two elements, there is no evidence supporting the third element - diligence.

The default judgment was entered in March 2010. Plaintiff admits he knew about it in January 2011. He filed a complaint to set it aside in March 2011 but voluntarily dismissed it five months later. It was not until sometime in 2012, at least a year after learning of the default judgment, that he filed a motion to set aside the default and default judgment. This is not sufficient diligence. (*Stiles v. Wallis* (1983) 147 Cal.App.3d 1143, 1150 [relief denied where the defendant waited over 20 months]; see also, e.g., *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 508 [delay of nine months not diligent; *Metropolitan Service Corp. v. Casa de Palms, Ltd.* (1995) 31 Cal.App.4th 1481, 1487 [two-month delay insufficient showing of diligence]; *Caldwell v. Methodist Hospital* (1994) 24 Cal.App.4th 1521, 1524-1525 [same for three-month delay].)

b. *RICO*

As pleaded, the RICO cause of action is based on alleged mail fraud. But the complaint does not allege any mailing by defendant, as is required. (18 U.S.C. §§ 1341, 1961.) In fact, plaintiff complains about just the opposite, that defendant failed to mail the request to enter default.

In addition, plaintiff did not discuss RICO in his briefs. He has thus forfeited any claim of error as to this cause of action. (*Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1372 [in anti-SLAPP appeal the plaintiff's failure to argue probability of prevailing waived issue].)

9

*4. Motion for Sanctions*

When we find an appeal to be frivolous or filed solely to harass or delay, we may award sanctions against the offending party. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.276(a).) We may rely on either or both a subjective and an objective standard. "The subjective standard looks to the motives of the appealing party and his or her attorney, while the objective standard looks at the merits of the appeal from a reasonable person's perspective. [Citation.]" (*Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 556.) We determine this appeal to be frivolous under both standards.

Looking first at the subjective standard, the history of this case supports a finding this appeal was just another step in a long series taken solely to delay or to harass defendant or both. In a procedural wild goose chase created by plaintiff, defendant has had to defend: three different actions, including the current one, all of which are based on the same alleged facts; a bankruptcy; and three separate ex parte TRO applications seeking to restrain defendant's levy on the default judgment. In addition, plaintiff unsuccessfully moved to set aside the default and default judgment, and then had his appeal dismissed. Plaintiff is not entitled to that many bites at the same apple.

Plaintiff disingenuously argues he is not "directly" trying to reverse the default judgment in the underlying action; he is just trying to have the order granting the anti-SLAPP motion reversed. According to plaintiff that would not "eliminate the underlying judgment." Not so. Plaintiff seeks to have the order reversed so he can litigate his complaint, in which he seeks to set aside the default and default judgment.

Plaintiff also incorrectly announces none of the trial courts found any of his actions improper and sanctionable. First, the record does not reveal defendant ever sought sanctions before. Therefore, no court was ever required to rule on that issue. Second, the bankruptcy court expressly found plaintiff had filed the bankruptcy in bad

10

faith. Plaintiff conveniently failed to mention this in his briefs, a separate violation of the California Rules of Court.[3]

This appeal is also objectively frivolous. As discussed above, there was no legitimate basis for filing it. Section 425.16 and its derivative case law make clear that the complained of activity by defendant was protected. And plaintiff's claim the activity was not protected because illegal is equally frivolous. Plaintiff failed to develop the argument, forfeiting the claim. Moreover, cases are equally clear that unless the alleged activity was concededly illegal or wrong as a matter of law, it is protected by the statute. A reasonable attorney would have been aware of these legal principles plus the insufficiency of plaintiff's claims and declined to file an appeal.

Plaintiff seeks to spare us the time to read any discussion in support of the propriety of the appeal, instead referring us to his briefs, claiming he has "entirely legitimate and valid legal arguments." We do not find this argument any more persuasive than those included in his briefs.

We are aware sanctions should be awarded only in the most egregious cases. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) But all of the circumstances convince us this is such a case. There are no unique issues or complicated facts, nor was there an argument that existing law should be extended, modified, or

---

[3] Violation of court rules is another ground for awarding sanctions. (Cal. Rules of Court, rule 8.276(a)(2), (4).) Failure to include all material facts in the statement of facts is an unreasonable violation. The bankruptcy court's ruling is significant. So, too, are the dismissal of plaintiff's appeal of the denial of his motion to set aside the default and judgment and the filing and denial of two of his requests for TRO's to halt execution. Plaintiff did not include any of these facts in his statement of facts.

Plaintiff also failed to consecutively number the pages from one volume to the next of his appendices, instead starting at page 1 in each, making review of the record overly complicated and confusing. (Cal. Rules of Court, rules 8.144(a)(1)(D), 8.124(d)(1).) Although we do not consider this an independent ground for sanctions, we include it for counsel's future reference.

reversed, as might justify filing this appeal.  (*Dodge, Warren & Peters Ins. Services, Inc. v. Riley* (2003) 105 Cal.App.4th 1414, 1422.)

We award sanctions against plaintiff and remand to the trial court to determine the amount.  (See *Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 461-462.)  We decline to award sanctions to this court.

## DISPOSITION

The order granting the special motion to strike and the judgment of dismissal are affirmed.  The request for judicial notice is denied.  The motion for sanctions is granted as against plaintiff, the amount to be determined by the trial court.  All sanctions are to be paid within 30 days after the order of the superior court fixing the amount of the award.  Defendant is entitled to attorney fees and costs on appeal.


THOMPSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


MOORE, J.