Filed 1/4/21  Masimo Corp. v. Bauche CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| MASIMO CORPORATION,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN BAUCHE, et al.,<br><br>    Defendants and Appellants. | G058662<br><br>(Super. Ct. No. 30-2019-01081908)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Theodore R. Howard, Judge.  Affirmed.  Motion for sanctions denied.

The Vanderpool Law Firm, Douglas B. Vanderpool, Michael J. Fairchild, and Ryan E. Pinkney, for Defendants and Appellants.

Latham & Watkins, David J. Schindler, Robert J. Ellison, and Alice R. Hoesterey for Plaintiff and Respondent.

Defendants John Bauche (Bauche), BoundlessRise LLC, and Skyward Investments LLC appeal from an order denying their anti-SLAPP motion and imposing sanctions against them. Defendants argue plaintiff Masimo Corporation's lawsuit against them is based on protected speech that occurred in criminal proceedings against Bauche. We disagree, and therefore need not reach defendants' contentions on the merits of the lawsuit itself. Defendants' sole challenge to the trial court's sanctions award is premised upon acceptance of the same argument, and we therefore reject it as well. Last, we deny plaintiff's motion for sanctions.

## FACTS

Plaintiff is a Delaware corporation operating in Irvine in the medical technology business. Plaintiff employed Bauche as a social media strategist, working on search engine and Web site optimization. As part of his employment, Bauche signed a nondisclosure agreement, wherein he promised not to disclose any of plaintiff's confidential information without plaintiff's permission.

Plaintiff alleges Bauche engineered a scheme to embezzle money from plaintiff. The alleged scheme worked like this: Bauche told his superiors there were certain aspects of his job that he needed the help of an outside vendor to perform. Bauche then "found" a well-qualified vendor (BoundlessRise LLC) to perform these services, with a bid 30 percent cheaper than the other options he surveyed. Relying on Bauche, plaintiff hired BoundlessRise to perform these services and paid it nearly $1,000,000. But BoundlessRise was just Bauche in another guise; it had no employees other than Bauche and performed no services for plaintiff.

When plaintiff discovered the scheme, it hired an investigator, who elicited a confession from Bauche. Bauche then told the investigator he was still in possession of some of the funds belonging to plaintiff and would return them. Bauche paid plaintiff $27,000 from BoundlessRise's bank account, but transferred another $710,000 (all arising from the scheme) to another entity he controlled: Skyward Investments LLC.

2

Plaintiff fired Bauche, reported him to law enforcement, and filed an insurance claim for its losses. Bauche was subsequently indicted in federal court for various offenses arising from the scheme.

As part of his defense of the criminal case, Bauche subpoenaed various documents from plaintiff. A discovery dispute ensued and plaintiff's attorney met and conferred with Bauche's criminal defense attorney to discuss the matter. During that discussion, plaintiff alleges Bauche's criminal defense attorney said "she and Bauche were attempting 'to get [plaintiff] prosecuted for insurance fraud,'" evidently with respect to plaintiff's insurance claim for its losses from the scheme, and would use the documents subpoenaed in the criminal case, and confidential information contained therein, to accomplish that end.

In response, plaintiff filed this lawsuit against defendants. In its complaint, plaintiff used the nondisclosure agreement to seek an injunction to prevent Bauche from disseminating its confidential information to third parties except as necessary to defend the criminal case. Plaintiff also sought damages for Bauche's embezzlement through causes of action for fraud, conversion, and breach of duty of loyalty.

Defendants responded to the lawsuit with an anti-SLAPP motion. Defendants argued plaintiff's lawsuit was based on Bauche's criminal defense lawyer's statement in connection with the discovery dispute, triggering application of the anti-SLAPP statute. Defendants also argued plaintiff's claims must fail because Bauche's lawyer's statements were covered by the litigation privilege, and because plaintiff lacked standing to pursue its claims, having assigned any such claims to its insurer.

The trial court denied the motion. The trial court concluded the threats to "get [plaintiff] prosecuted for insurance fraud" were not related to the defense of the criminal case and were not public statements regarding a matter of public interest. The trial court also rejected defendants' arguments on the merits of the case. Finally, the trial

3

court found the motion frivolous and awarded fees to plaintiff, albeit substantially less than plaintiff requested.

Defendants timely appealed. Plaintiff filed a motion for sanctions, which we took under submission.

## DISCUSSION

*The Anti-SLAPP Motion*

Code of Civil Procedure section 425.16,[1] the anti-SLAPP statute, creates a special motion to strike """"where the trial court evaluates the merits of the lawsuit using a summary-judgment-like procedure at an early stage of the litigation."""" (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 312.) This procedure applies to any lawsuit containing "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . in connection with a public issue . . . ." (§ 425.16, subd. (b)(1).) The anti-SLAPP statute "shall be construed broadly."[2] (§ 425.16, subd. (a).)

"Resolution of an anti-SLAPP motion involves two steps. First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384.) We review an order granting or denying an anti-SLAPP motion under the de novo standard. (*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2016) 6 Cal.App.5th 1207, 1216.)

---

[1] All statutory references are to the Code of Civil Procedure.

[2] Defendants contend the trial court erred by citing federal cases for the proposition that motions to strike are disfavored. These citations, though certainly inapplicable to anti-SLAPP motions, do not appear to have played a significant role in the trial court's decision. And, in any event, we review the result of the trial court's decision, not its rationale. (*Paniagua v. Orange County Fire Authority* (2007) 149 Cal.App.4th 83, 87.)

The anti-SLAPP statute defines an "'act in furtherance of a person's right of petition or free speech . . . in connection with a public issue'" as including "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

Defendants argue the breach of contract cause of action arose out of protected speech. Specifically, defendants contend the alleged statements by Bauche's criminal defense attorney were oral statements "'made "in connection with an issue under consideration or review by a . . . judicial body,"'" because they were made in the context of meeting and conferring over a discovery dispute in the criminal case. (*Neville v. Chudacoff* (2008) 160 Cal.App.4th 1255, 1266 (*Neville*).) Statements are "made in connection with an issue under consideration or review by a . . . judicial body" when they relate to the substantive issues in the litigation and are directed to persons having some interest in the litigation.[3] (*Ibid*.)

Here, the "litigation" in question is the criminal matter against Bauche. Plaintiff's insurance claim and any claims relating thereto are separate and apart from Bauche's alleged criminal conduct. Put another way, the existence or nonexistence of an

---

[3] Defendants contend the trial court applied the wrong standard to this question by citing *City of Costa Mesa v. D'Alessio Investments, LLC* (2013) 214 Cal.App.4th 358 instead of the *Neville* case. But the *Costa Mesa* case quotes the *Neville* case and applies the same standard. (*City of Costa Mesa*, at p. 373.)

5

insurance coverage dispute between plaintiff and its insurer has little or nothing to do with whether Bauche committed any of the various federal crimes with which he has been charged. As such, the statements in question were not "made in connection with an issue under consideration or review by a . . . judicial body," even though they were made while meeting and conferring over a subpoena.

Nor do the statements fall into any of the other categories of protected activity. They were not made before any governmental proceeding. They were not made in a place open to the public or a public forum. And most crucially, they were not made on an issue of public interest.

Defendants cite *Cabral v. Martins* (2009) 177 Cal.App.4th 471, 479-480 (*Cabral*), *Finton Construction, Inc. v. Bidna & Keys, APLC* (2015) 238 Cal.App.4th 200, 210 (*Finton*), and *Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95, 114 (*Optional Capital*) for the proposition that any communication by an attorney as part of the attorney's representation of their client in a judicial proceeding is automatically protected by the anti-SLAPP statute. The isolated quote relied upon by defendants sounds compelling: "Under the plain language of section 425.16, subdivisions (e)(1) and (2), as well as the case law interpreting those provisions, all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute." (*Cabral,* at pp. 479-480.)

However, the most recent of the cases cited by defendants, *Optional Capital*, explains the limits of this rule: "As we observed previously, 'conduct is not automatically protected merely because it is related to pending litigation; the conduct must arise from the litigation.' [Citation.] *Paul v. Friedman* (2002) 95 Cal.App.4th 853, (*Paul*) is illustrative. In that case, a securities broker alleged that an attorney, in litigating a prior arbitration proceeding, conducted an intrusive investigation into the broker's personal life and disclosed details of the broker's life that were not relevant to issues in

the arbitration proceedings. [Citation.] The *Paul* court found that the attorney's conduct was not protected activity within section 425.16 because the communication must occur in connection with an issue under consideration or review in the proceeding. Thus, while the attorney's investigative conduct may have been """"in connection with" a[] . . . proceeding,' it was not '[in] connection with an issue under review in that proceeding,' and therefore was not protected activity." (*Optional Capital, supra*, 18 Cal.App.5th at p. 114.)

The instant case, which involves threats made by an attorney on issues unrelated to those being considered by the court, is closely analogous to the *Paul* case, and is factually distinct from *Cabral*, *Finton*, and *Optional Capital*, all of which involved lawsuits against lawyers arising from work performed for their clients. Thus, we conclude Bauche's lawyer's statements are not protected by the anti-SLAPP statute.

Further, even if the statements were made in connection with an issue under review by a judicial body, plaintiff's challenged cause of action for breach of contract does not "arise from" the statements. Instead, it arises from plaintiff's belief that Bauche had disclosed plaintiff's confidential information to third parties other than as necessary for his defense in the criminal case. This is a fine distinction, but a critical one: the statements themselves do not create liability, but the conduct they threaten would, if proven. Therefore, as plaintiff correctly points out, the statements are *evidence* of breach of contract, rather than themselves constituting a breach, and plaintiff's cause of action does not "arise from" them. (See *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79-80 [complaint alleging existence of an actual controversy based upon related lawsuit did not trigger anti-SLAPP statute because related lawsuit was only evidence of an underlying controversy, not the controversy itself].)

Having concluded defendants cannot show plaintiff's claims arise from speech protected by the anti-SLAPP statute, we need not consider the parties' arguments with respect to the plaintiff's probability of success on the merits of the subject claims.

*Attorney Fees*

When an anti-SLAPP motion is denied, the trial court may award costs and reasonable attorney fees against the moving party if it finds the motion was frivolous or solely intended to cause unnecessary delay. (§ 425.16, subd. (c)(1).) We review such an award for abuse of discretion. (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 199.)

Defendants' argument against the trial court's award of attorney fees consists of a single paragraph in their opening brief and a single paragraph in their reply brief, both of which presume success on appeal on the first prong of the anti-SLAPP motion. Defendants' argument is also supported only by a single citation—to an unpublished case, in violation of California Rules of Court, rule 8.1115. Having rejected defendants' arguments as to the anti-SLAPP motion, we cannot conclude the trial court abused its discretion in awarding fees.

*Motion for Sanctions on Appeal*

Before any briefs were filed in this appeal, plaintiff moved for sanctions against defendants, arguing this appeal is frivolous because it lacks merit and is solely intended to delay proceedings. Sanctions are appropriate where any reasonable attorney would agree the appeal is totally and completely without merit (objective frivolousness), and where the appeal is prosecuted for an improper motive, including for the purpose of delay (subjective frivolousness). (*Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 192.) "Sanctions are to be 'used most sparingly to deter only the most egregious conduct.'" (*Dodge, Warren & Peters Ins. Services, Inc. v. Riley* (2003) 105 Cal.App.4th 1414, 1422.) An unsuccessful appeal "'should not be penalized as frivolous if it presents a unique issue which is not indisputably without merit, or involves facts which are not amenable to easy analysis in terms of existing law, or makes a reasoned argument for the extension, modification, or reversal of existing law.'" (*Ibid.*)

As we described above, though we agree with plaintiff and the trial court that defendants' anti-SLAPP motion was without merit and was properly denied, our

8

conclusion rests upon some fine distinctions between statements as the basis for liability and statements as evidence of liability. The matter also involves unusual facts—neither party cited any prior anti-SLAPP case in which statements made in meeting and conferring over a discovery dispute were evidence for or formed the basis of a cause of action. Thus, we do not find defendants' arguments objectively frivolous.

Plaintiff also argues the appeal is subjectively frivolous because its sole purpose is to delay discovery through application of the automatic discovery stay associated with anti-SLAPP motions. Specifically, plaintiff points to the timing of the appeal, which prevented the trial court from entering its tentative ruling compelling Bauche's deposition. Certainly, it would be understandable for Bauche and his attorneys to prefer Bauche not be deposed before the resolution of the criminal charges against him. And indeed, the record contains ample evidence of defendants attempting to achieve that outcome, both by resisting plaintiff's motion to compel and by filing a separate motion for stay (the result of which does not appear in the record).

But the record is more consistent with a good faith, if mistaken, belief in the arguable merits of the motion. Defendants applied ex parte to the trial court to *advance* the hearing date on the anti-SLAPP motion—hardly an act consistent with intent to delay. Defendants also moved quickly on the appeal itself. Defendants filed their notice of appeal within days of the issuance of the court's decision on the motion, rather than delaying to buy additional time. Defendants timely designated the record, attaching a certified reporter's transcript, which further expedited the appeal.

At the briefing stage, defendants timely filed their opening brief without seeking any extensions of time. Defendants did seek an extension of time on the reply brief, but can hardly be blamed for doing so under the circumstances at the time, which included both a global pandemic and nationwide protests against police brutality. Defendants' briefs are substantial, contain ample citations to authority, and raise

9

arguments that are not objectively frivolous.  The balance of the evidence does not support an inference of an improper purpose.  As such, we decline to award sanctions.

## DISPOSITION

The order is affirmed.  The motion for sanctions is denied.

Plaintiff shall recover costs on appeal.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.