Filed 1/20/22 Estate of Kelly CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| Estate of Eugene C. Kelly, Deceased. | B307908 |
| KERRY KELLY NOVICK et al., Petitioners and Respondents, v. PATRICIA WARD KELLY, as Trustee, etc., Objector and Appellant. | Los Angeles County Super. Ct. No. 17STPB10219 |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel Juarez, Judge. Affirmed.

Harder, Henry L. Self III and Dilan A. Esper for Objector and Appellant.

Marshall & Associates, John A. Marshall and Rodger C. Jensen for Petitioners and Respondents.

_____

# INTRODUCTION

Patricia Ward Kelly (Mrs. Kelly), as trustee of the Eugene C. Kelly Image Trust (Image Trust), appeals from an order assessing monetary sanctions against her in connection with her unsuccessful motion for a protective order. The probate court found the discovery at issue was reasonably calculated to lead to the discovery of admissible evidence and did not seek personal financial information, denied Mrs. Kelly's motion for a protective order, and assessed $6,300 in sanctions against her. We affirm the sanctions order.

## FACTS AND PROCEDURAL BACKGROUND

Eugene C. Kelly (Kelly) was known for his performances in films such as Singin' in the Rain (Metro-Goldwyn-Mayer 1952) and An American in Paris (Metro-Goldwyn-Mayer 1951). In 1992, Kelly created the Eugene C. Kelly Family Trust which upon his death called for trust property to be divided into three separate portions. At issue here is the property held by the Image Trust consisting of the following: all rights to Kelly's name, image, and likeness; all rights under collective bargaining agreements regarding any artistic, literary, or intellectual work or performance created in whole or in part by Kelly; and any other rights of publicity recognized or created upon Kelly's death.

Kelly died in 1996. Mrs. Kelly is his widow. Kerry Kelly Novick, Timothy J. Kelly, and Bridget J. Kelly (collectively, the children) are Kelly's children and beneficiaries of the Image Trust. As such, the children are entitled to income generated by the Image Trust. In addition to being a beneficiary of the Image Trust, Mrs. Kelly has been its trustee since 1996. As trustee, Mrs. Kelly has a duty to keep the children reasonably informed of

her administration of the Image Trust by providing them with accountings and a summary of business activities and efforts to generate income.

In 2017, the children petitioned to remove and surcharge Mrs. Kelly as trustee of the Image Trust under Probate Code sections 17200, 16420, and 15642. They allege Mrs. Kelly "breached and continues to breach her duty as Trustee under California Probate Code section 16400, as well as her fiduciary duty to" the children by failing "to allow [them] access to [Image] Trust records or [Image] Trust information as required under the Code." The children also allege that "as a proximate result of [her] breach of trust and breach of fiduciary duty, [they] have been damaged by a loss or depreciation in value of the trust estate in an amount according to proof and have been impaired in their ability to evaluate and assert their rights in the estate." According to the children, in 2011 Mrs. Kelly formed a corporation—The Gene Kelly Legacy, Inc.—which competes with the Image Trust and allows Mrs. Kelly to personally retain income which rightfully belongs to the Image Trust.

In early 2020, the children served Mrs. Kelly with discovery requests. Relevant here, they sought documents relating to communications between Mrs. Kelly and Warner Bros. about the use of film clips or other intellectual property by The Gene Kelly Legacy, Inc., and receipt of income by this corporation for the use of Kelly's name, image, and likeness. In Special Interrogatory No. 12, Mrs. Kelly was instructed to "[i]dentify each performance for which The Gene Kelly Legacy, Inc. received any compensation from 2011 to the present, and state the date and amount of such compensation."

3

In March 2020, Mrs. Kelly filed a motion for a protective order to shield her from responding to the discovery requests.[1] She also sought sanctions against the children in the amount of $7,560 for the reasonable costs and attorney fees incurred by her for these proceedings. Mrs. Kelly argued disclosure of the requested documents and information would violate her and Warner Bros.' rights to privacy. She also argued the propounded discovery was not relevant to the case and the children had failed to provide Warner Bros. with sufficient notice to allow the studio to object to the disclosure.[2] Finally, Mrs. Kelly disputed the children's assertion that The Gene Kelly Legacy, Inc. is actively promoting and engaging in activities which would have generated income for the Image Trust.

The children opposed the motion and requested sanctions against Mrs. Kelly in the amount of $6,300 for attorney fees incurred in opposing the motion under Code of Civil Procedure sections 2030.090, subdivision (d), and 2031.060, subdivision (h). They argued they were not seeking Mrs. Kelly's private financial information such as her tax returns. Instead, the children sought information regarding productions related to their father whose image is the subject of the Image Trust. They also contended Mrs. Kelly's formation of the competing business of The Gene Kelly

---

[1] Throughout the motion for a protective order, Mrs. Kelly referenced the children's pending motion to compel responses to demand for documents. The children's motion to compel, and Mrs. Kelly's opposition to that motion, are not in the appellate record.

[2] Mrs. Kelly contended, without any supporting evidence or documentation, that she was not at liberty to divulge the terms of any licenses with Warner Bros. because they are the studio's confidential proprietary information.

Legacy, Inc. violated her duty of loyalty and her duty to avoid a conflict of interest with the Image Trust.

After hearing argument, and "carefully balanc[ing] the right of privacy against the need for disclosure[,]" the court denied Mrs. Kelly's motion. The court indicated that The Gene Kelly Legacy, Inc. entity appeared to be competing to some extent in terms of the funds that would otherwise be available to the Image Trust. The court also explained that the discovery requests did not seek Mrs. Kelly's personal financial information and were reasonably calculated to lead to the discovery of admissible evidence. Finding no substantial justification for the motion, the court assessed monetary sanctions of $6,300 against Mrs. Kelly. This appeal followed.

## DISCUSSION

We do not review the probate court's order denying the protective order on its own merits. The only issue before us is the sanctions order, and we consider the merits of the discovery dispute only to the extent necessary to resolve the appeal of the sanctions ruling.[3]

---

[3] The denial of Mrs. Kelly's motion for a protective order is not appealable; review of that order is available solely by way of a petition for writ relief. (*Dodge, Warren & Peters Ins. Services, Inc. v. Riley* (2003) 105 Cal.App.4th 1414, 1421.) Mrs. Kelly filed such a petition, and this court summarily denied it on October 22, 2020 (case No. B307839). The order is appealable insofar as it imposes a monetary sanction exceeding $5,000. (*Rail-Transport Employees Assn. v. Union Pacific Motor Freight* (1996) 46 Cal.App.4th 469, 475.)

## 1. The court did not abuse its discretion in imposing a monetary sanction against Mrs. Kelly.

Code of Civil Procedure section 2030.090, subdivision (d), and section 2031.060, subdivision (h), require a trial court to impose a monetary sanction against any party who unsuccessfully makes a motion for a protective order "unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." Mrs. Kelly, on the losing end of the discovery dispute, had the burden to prove she acted with substantial justification. (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1435.) "Substantial justification" has been held to mean a justification that is well-grounded in both law and fact. (*Diepenbrock v. Brown* (2012) 208 Cal.App.4th 743, 747.) We review the court's sanctions order under the deferential abuse of discretion standard. (*Doe*, at p. 1435.)

On this record, the court did not abuse its discretion in finding that Mrs. Kelly acted without substantial justification in making her motion for a protective order. First, she provides no supporting citations to the record, and offered no such evidence in the lower court, to support her contention that she "reasonably believed that, by nonetheless demanding an entire decade of data and documents relating to her personal project, The Gene Kelly Legacy, Inc. … including especially 'all DOCUMENTS which refer, reflect or relate to receipt of income by' any of them—[the children] significantly expanded the scope of their requested discovery far beyond the Image Trust at issue and well into Mrs. Kelly's own private life." In fact, she did not submit a declaration in support of her motion for a protective order. As such, there was

no evidence before the court that explained Mrs. Kelly's relationship with The Gene Kelly Legacy, Inc. entity, her role in administering the Image Trust, or that supported her contention that The Gene Kelly Legacy, Inc. did not compete with the Image Trust. Second, there was no evidence before the court to support Mrs. Kelly's contention that she sought a protective order to protect Warner Bros.' privacy rights or confidential information. As noted by the children on appeal, Mrs. Kelly did not support this claim with any documentary evidence such as a signed confidentiality agreement. Indeed, the only evidence submitted by Mrs. Kelly in support of her motion was the declaration of her attorney—and that declaration only authenticated the challenged discovery requests and meet and confer correspondence, and provided the basis for Mrs. Kelly's $7,560 sanctions request. Accordingly, Mrs. Kelly's argument that "it would still be unjust to impose sanctions where a position was taken in discovery to protect the rights of [nonparty Warner Bros.]" is meritless. Third, and as noted by the court, the discovery requests were relevant and within the scope of the pleadings because the petition alleged the children were damaged by a loss or depreciation in value of the Image Trust as a result of Mrs. Kelly's breach of trust and breach of fiduciary duty.

## 2. Mrs. Kelly did not show that $6,300 is an unreasonable amount.

Finally, we reject Mrs. Kelly's contention that the amount of sanctions awarded to the children, $6,300, was an abuse of discretion. Arguably, Mrs. Kelly forfeited this argument by failing to object to the amount requested in the lower court. In any event, the record amply supports the amount awarded by the court: the children's attorney submitted a declaration explaining

7

that she anticipated spending 14 hours at a billing rate of $450 per hour in preparing the opposition and arguing against Mrs. Kelly's motion for a protective order. In sum, the court did not abuse its discretion in assessing a monetary sanction of $6,300 against Mrs. Kelly.

## DISPOSITION

The order is affirmed. Kerry Kelly Novick, Timothy J. Kelly, and Bridget J. Kelly shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

LIPNER, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.