[No. G038083. Fourth Dist., Div. Three. Oct. 4, 2007.]

DARRYL BOOKER et al., Cross-complainants and Respondents, v. KARL ROUNTREE, Cross-defendant and Appellant.

## COUNSEL

Law Offices of Morse Mehrban, Morse Mehrban and Javier Ramirez for Cross-defendant and Appellant.

Law Offices of Robert Phillips Eastman and Robert Phillips Eastman for Cross-complainants and Respondents.

## OPINION

**BEDSWORTH, J.**—Karl Rountree appeals from an order that denied his special motion to strike an abuse of process cross-complaint by Darryl Booker and Nancy Booker (Booker). Rountree argues the cross-complaint arose out of conduct protected under the anti-SLAPP (strategic lawsuit against public participation) statute, and Booker failed to show a probability of success on the merits. We conclude the motion was properly denied, and so affirm.

Booker's cross-complaint arises out of two actions against him, one by Rountree and another by David Gunther.[1] Rountree, who uses a wheelchair, alleged that he visited a restaurant located on property owned by Booker on September 2, 2005. There was no parking space set aside for disabled patrons, and the counter was too high to be reached from a wheelchair.

---

[1] The facts are drawn from the allegations of the cross-complaint, the declarations submitted on the special motion to strike, and the exhibits to the declarations.

Rountree alleged each defect was a violation of the Unruh Civil Rights Act (Civ. Code, § 51 et seq.), and he sought treble damages for each violation, along with attorney fees. Rountree's action was filed on September 26, 2005, but not served until December 12, 2005.

In the interim, David Gunther brought an identical action against Booker, represented by the same attorney (Morse Mehrban). Gunther, also wheelchair bound, alleged he had visited the restaurant on the same date and found the same violations. Gunther's action was filed on September 14, 2005, and served on September 23, 2005.

In November 2005, Booker settled with Gunther because it was cheaper "to pay off Gunther's attorney, Morse Mehrban" than fight. The settlement was $3,500 in legal fees for Mehrban and $2,500 to Gunther. Booker designated a parking spot for disabled customers, changed the restaurant counter, and thought the matter was over. Mehrban never disclosed the Rountree action. Shortly after Booker mailed the fee check to Mehrban, he was served with the Rountree complaint.

Booker responded to the Rountree action with the instant cross-complaint for abuse of process. It alleged the facts set out above. In addition, it alleged Rountree declined to join as a coplaintiff in the Gunther case, and delayed serving his complaint, in order to obtain a second settlement for the same violations. "The ulterior purpose and motivation of Rountree's so misusing the process . . . was to obtain [a] collateral advantage over [Booker] [and] . . . in order to extort additional settlement monies out of [Booker.]" Booker said he would never have settled with Gunther had he known of Rountree's complaint, but instead would have moved to consolidate the two actions. The cross-complaint further alleged Rountree and Gunther were habitual plaintiffs in Unruh Civil Rights Act actions against small business owners in Orange County (36 and 40 actions, respectively), mostly represented by Mehrban.

Rountree then brought the instant special motion to strike the cross-complaint. In denying the motion, the trial court found the cross-complaint did not arise from protected conduct. Rather, it said, the gravamen of the cross-complaint was that Rountree committed a fraud upon the court, and Booker, when he "deliberately" failed to join in Gunther's action and failed to serve Booker until the Gunther case had settled.[2]

---

[2] We note the record reveals Booker was awarded $2,500 in sanctions against Mehrban, on a motion to dismiss the complaint and for sanctions. The trial court found Mehrban "deliberately and knowingly" delayed filing a notice of related case (see Cal. Rules of Court, rule 3.300) until after the Gunther action was settled, and he did so "for the purpose of increasing his fees and the settlement value or judgment in favor of his present client." It declined to dismiss the complaint for lack of evidence the delay was attributable to Rountree.

I

Rountree argues the abuse of process claim is subject to the anti-SLAPP statute because it arises out of his filing the underlying action. He is right.

■ The anti-SLAPP statute provides that a cause of action arising from any act in furtherance of a person's right of petition or free speech is subject to a special motion to strike, unless the trial court determines the plaintiff has shown a probability of success on the claim. (Code Civ. Proc., § 425.16, subd. (b)(1).)[3] This includes "any written or oral statement or writing made before a . . . judicial proceeding . . . ." (*Id.*, subd. (e)(1).) A party moving to strike must make a prima facie showing that the cause of action arises from his free speech activities. The burden then shifts to the plaintiff to establish a probability he will prevail at trial. To do so, "a plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited. [Citation.]" (*Matson v. Dvorak* (1995) 40 Cal.App.4th 539, 548 [46 Cal.Rptr.2d 880].)

■ There is no doubt the cross-complaint arises out of the underlying litigation, so it is subject to the anti-SLAPP statute. The gravamen of the claim is misconduct *in* the underlying litigation. Indeed, that is the essence of the tort of abuse of process—some misuse of process in a prior action—and it is hard to imagine an abuse of process claim that would not fall under the protection of the statute. Abuse of process claims are subject to a special motion to strike. (See, e.g., *Rusheen v. Cohen* (2006) 37 Cal.4th 1048 [39 Cal.Rptr.3d 516, 128 P.3d 713].)

Booker argues the anti-SLAPP statute is inapplicable because the essence of the cross-complaint is fraud in concealing Rountree's action during settlement negotiations in the Gunther case. He reasons that has no bearing on Rountree's right to petition. A nice try, but it does not work.

The cause of action is labeled abuse of process, not fraud. It alleges Rountree filed a separate action, and delayed serving the complaint, to exact a higher settlement from Booker. Characterizing the conduct as concealment does not change matters. The theory of recovery, and the essence of the claim, is still that the underlying litigation was conducted in an improper

---

[3] All subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.

manner. The cause of action arises out of protected conduct and is subject to a special motion to strike.[4]

## II

Rountree next argues Booker cannot establish a probability of success on the merits, so the cross-complaint should have been stricken. Although the trial court did not reach this issue, it was briefed by the parties below and again on this appeal, so we shall consider the point. Rountree is wrong on this one: Booker has shown he will probably prevail on the abuse of process claim.

"To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings. [Citation.]" (*Rusheen v. Cohen, supra*, 37 Cal.4th at p. 1057.) California takes a broad view of "process" that may be actionable if used wrongly. " 'Process,' as used in the tort of 'abuse of process,' has never been limited to the strict sense of the term, but instead has been interpreted broadly to encompass the entire range of 'procedures' incident to litigation." (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 104, fn. 4 [101 Cal.Rptr. 745, 496 P.2d 817].)

A cause of action for abuse of process has been held to lie where a collection agency sued debtors in the wrong county, without stating facts that would permit the court to determine proper venue, intending by the inconvenient forum to discourage a defense and encourage defaults. (*Barquis v. Merchants Collection Assn., supra*, 7 Cal.3d at p. 103.) So, too, where a bank sued California credit card debtors in Virginia, where they would be unlikely to appear, in order to obtain default judgments that might then be used as leverage in obtaining a settlement. (*Yu v. Signet Bank/Virginia* (1999) 69 Cal.App.4th 1377, 1390 [82 Cal.Rptr.2d 304].)

In opposition to the special motion to strike, Booker submitted a declaration that tracks the allegations of the cross-complaint. He declared he would

---

[4] Booker also argues Rountree committed another "fraud upon the court and the Bookers" when he failed to file a notice of related case (Cal. Rules of Court, rule 3.300 [formerly numbered rule 804]), and this also shows the cross-complaint is not based on protected conduct. But failure to file a notice of related case was not alleged in the cross-complaint, so we decline to consider either that fact or any arguments based upon it.

not have settled with Gunther had he known of the Rountree action, but instead would have moved to consolidate the cases. A copy of the Gunther complaint shows it was filed on September 14, 2005, and Booker declared he was served on September 23, 2005. A copy of the Rountree complaint shows a filing date of September 26, 2005, and Booker's declaration recites service on December 12, 2005.

This evidence is sufficient, if believed, to establish abuse of process. It is a permissible inference that Rountree, acting through his attorney, knowingly delayed serving his complaint or revealing its existence until an identical action was settled. That shows a use of process that was not proper in the regular course of prosecuting a lawsuit. Another permissible inference is that Rountree's purpose was to obtain a higher settlement than he would have been able to get if Booker was confronted with the two cases together. Such a finding would satisfy the other element of the tort, acting with an ulterior motive. As noted above, a plaintiff (or cross-complainant) establishes a probability of success by a prima facie showing of facts that would sustain a judgment in his favor. (*Matson v. Dvorak, supra,* 40 Cal.App.4th at p. 548.) Since Booker has offered evidence of a prima facie case, the special motion to strike was properly denied, albeit for a different reason.

Rountree argues the motion should have been granted because Booker cannot prevail on the facts or the law. Both points are mistaken. The factual argument relies on Rountree's version of the facts. In a declaration supporting the motion, Rountree said he did not know of Gunther's action until after it was settled, he did not tell counsel when to serve his complaint, and he did not know when it was filed or served. But that does not mean Booker cannot prevail. To put it simply, a fact finder could decide Rountree was not telling the truth. So a probability of success was shown on the facts.

Rountree's legal argument is that his conduct in the underlying action is protected by the litigation privilege, so no action lies for abuse of process. But the privilege does not go that far.

The aspect of the litigation privilege at issue here provides "[a] privileged publication or broadcast is one made . . . [¶] . . . [¶] [i]n any . . . judicial proceeding . . . ." (Civ. Code § 47, subd. (b).) While the " '[p]leadings and process in a case are generally viewed as privileged communications . . .' [citation]" (*Rusheen v. Cohen, supra,* 37 Cal.4th at p. 1058), that does not mean everything that takes place during the case is equally

privileged. "Because the litigation privilege protects only publications and communications, a 'threshold issue in determining the applicability' of the privilege is whether the defendant's conduct was communicative or noncommunicative. [Citation.] The distinction between communicative and noncommunicative conduct hinges on the gravamen of the action. [Citations.] *That is, the key in determining whether the privilege applies is whether the injury allegedly resulted from an act that was communicative in its essential nature.* [Citations.]" (*Ibid.*, italics added.)

We cannot see how there is any communicative conduct in issue here. The gravamen of the cross-complaint is failure to serve the underlying action until a prior suit had settled. There is nothing communicative about that—there is no allegation a statement was made, a representation offered, or any assertive conduct that was a speech substitute. Rountree ignores the communicative act requirement, instead citing general principles from numerous litigation privilege cases. We have read Rountree's cases, along with many others, and we have not found any that apply the litigation privilege to passive inaction such as is alleged here. The cross-complaint is not based on a communicative act, so the conduct alleged is not protected by the litigation privilege.

Rountree also contends the underlying action was privileged as a matter of federal constitutional law, which holds that one cannot be sued for petitioning the government for redress.[5] We disagree.

The argument relies on *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn., supra,* 136 Cal.App.4th 464, 478–479, but the case is distinguishable. There, the court held that a complaint based on insurance companies' petitions to an administrative agency should have been dismissed on a special motion to strike, because the conduct complained of was constitutionally protected. Here, on the other hand, the right to petition is not implicated. Booker's claim is based not on the filing of the underlying action, but rather on Rountree's conduct during that action. So the claim of privilege under federal law is unavailing.

---

[5] The federal rule in issue is known as the *Noerr-Pennington* doctrine, established in cases that bear those names. (*Eastern R. Conf. v. Noerr Motors* (1961) 365 U.S. 127 [5 L.Ed.2d 464, 81 S.Ct. 523]; *Mine Workers v. Pennington* (1965) 381 U.S. 657 [14 L.Ed.2d 626, 85 S.Ct. 1585]; see *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2006) 136 Cal.App.4th 464, 478, fn. 5 [39 Cal.Rptr.3d 43].)

■ Since the abuse of process cross-complaint arises out of conduct protected by the anti-SLAPP statute, and a probability of success on the merits has been shown, it was not error to deny the special motion to strike, even though it might have been a little premature. The order appealed from is affirmed. Respondents are entitled to costs on appeal.

Sills, P. J., and Moore, J., concurred.