Filed 10/22/24  Creditors Adjustment Bureau v. J and S Painting CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CREDITORS ADJUSTMENT BUREAU, INC., <br><br> Plaintiff, Cross-defendant and Appellant, <br><br> v. <br><br> J AND S PAINTING, INC., <br><br> Defendant, Cross-complainant and Respondent. | B334393 <br><br> (Los Angeles County Super. Ct. No. 22STCV17466) |

APPEAL from an order of the Superior Court of Los Angeles County, Anne K. Richardson, Judge.  Reversed with directions.

Law Offices of Kenneth J. Freed, Kenneth J. Freed, Melody G. Anderson; Gowey Law, Eric A. Gowey; Barron & Newburger and Timothy P. Johnson for Plaintiff, Cross-defendant and Appellant.

Jeffrey S. Shinbrot and Jeffrey S. Shinbrot for Defendant, Cross-complainant and Respondent.

Creditors Adjustment Bureau, Inc. (CAB) filed suit against J and S Painting, Inc. (J&S). When J&S failed to answer, CAB secured a default judgment and writ of execution, which it used to satisfy the judgment from J&S's bank account. The trial court later vacated the judgment, finding "excusable neglect," but did not order CAB to disgorge the funds it had levied.

J&S cross-complained against CAB for conversion and negligence, based on CAB's retention of funds obtained under the writ of execution. CAB moved to strike the pleading as a Strategic Lawsuit Against Public Participation (SLAPP). (Code Civ. Proc., § 425.16.)[1] The trial court denied CAB's motion.

On de novo review, we conclude that J&S's cross-complaint must be stricken. CAB was (and is) engaged in First Amendment petitioning activities arising from its lawsuit against J&S. J&S cannot prevail on the merits because CAB's actions fall within the litigation privilege. J&S's remedy is to ask the trial court—in this ongoing litigation—to order CAB to disgorge money levied from J&S's bank account. Accordingly, we reverse.

**FACTS AND PROCEDURAL HISTORY**
*CAB's Judgment and Writ of Execution*

J&S had a policy with the State Compensation Insurance Fund (SCIF). In May 2022, SCIF's assignee CAB sued J&S for unpaid insurance premiums, alleging breach of contract and open book account theories. The court clerk entered default against J&S in August 2022.

In September 2022, the court entered judgment by default against J&S for $159,101. After a writ of execution was issued in

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

January 2023, CAB levied on J&S's bank account in the amount of $98,969.45.

### J&S Moves to Vacate the Judgment by Default

In March 2023, J&S moved to set aside the default and judgment, claiming excusable neglect. (§ 473.) J&S learned of CAB's lawsuit in September 2022. It mistakenly believed that no judgment would be entered or enforced because it was negotiating with CAB to resolve the dispute, and SCIF was reducing the debt after an audit. J&S sought relief after CAB levied on its bank account.

CAB argued that J&S's neglect was inexcusable. It did not show that the summons and complaint were improperly served or a meritorious defense, and waited almost six months after judgment to seek relief. While this lawsuit was pending, J&S asked SCIF to reclassify its employees. After an audit, SCIF reduced J&S's principal debt from $132,150 to $78,409.

The court granted relief, finding that J&S "neglectfully, but excusably" believed CAB would not try to collect the debt. It vacated the default and judgment and quashed "[a]ny writ of attachment attached to the default judgment." The trial court did not order CAB to return funds taken from J&S's bank account under the writ of execution.

### J&S Cross-complains Against CAB

Instead of returning to the trial court to ask it to amend its order to quash the writ of *execution* and order the return of the money taken under that writ, J&S filed a cross-complaint for conversion and negligence, alleging the background we have described above. It demanded return of the $98,969.45 that CAB took from J&S's bank account under the writ of execution issued in the main action.

3

### *CAB Moves to Strike the Cross-complaint*

CAB moved to strike J&S's pleading. (§ 425.16.) It asserted that the torts J&S alleges arise from CAB's activity in judicial proceedings; the litigation privilege bars J&S from prevailing on its claims. CAB asserted that J&S cannot show the tort of conversion: The levy on its bank account was made by a lawful writ of execution. J&S cannot prove negligence: CAB owed no duty of care and the court did not order return of the funds.

In opposition, J&S argued that its cross-complaint does not affect CAB's exercise of its right to petition. It reasoned that CAB's "collection efforts are not the activity that forms the basis of J&S's cross-complaint"; instead, "[t]he cross-complaint is based on CAB's wrongful refusal to return J&S's money after the parties were restored to their pre-Judgment status and after [the trial court] quashed the writ of attachment." J&S claimed that retention of levied funds "is illegal [and] is not constitutionally protected." J&S asserted that it can prove conversion and negligence. Its chief executive declared that the company still disputes its debt, identifying the amount owed to SCIF at around $30,000, far less than CAB took from its bank account.

### *The Trial Court's Ruling*

The court ruled that CAB's failure to return levied funds to J&S does not fall within section 425.16 because it did not arise from protected petitioning activities. CAB should have released the money, even if the court did not order it. Returning the money was "implicit" in its order. The court opined, "At some point, the litigation privilege must come to an end." It denied CAB's anti-SLAPP motion.

4

## DISCUSSION

Courts must strike causes of action arising from a defendant's exercise of First Amendment rights unless the plaintiff shows a probability of prevailing on the claim. (§ 425.16, subd. (b)(1).) The law is construed "broadly" (*id.,* subd. (a)) as "a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384.) Protected activity includes petitioning courts for redress of grievances. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 311–312 (*Flatley*).) An order denying an anti-SLAPP motion is appealable. (§ 425.16, subd. (i).) Review is de novo. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.)

A two-step analysis applies. First, the moving defendant must show that plaintiff's claims arise from activity protected by section 425.16. The second step shifts the burden to the plaintiff to show a probability of prevailing on the merits. If the showing is not sufficient to sustain a favorable judgment, the claims are stricken. (*Baral v. Schnitt, supra,* 1 Cal.5th at pp. 384, 396; *Olson v. Doe* (2022) 12 Cal.5th 669, 678–679.)

### CAB's Actions Arise from Petitioning Activity

The first prong of our analysis focuses on "the defendant's *activity* that gives rise to his or her asserted liability" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 92) and "whether the cause of action is *based* on the defendant's protected free speech or petitioning activity." (*Id.* at p. 89.) An act in furtherance of a person's First Amendment rights includes any written or oral statement or writing made in a judicial proceeding, or "any other conduct in furtherance of the exercise of the constitutional right of petition." (§ 425.16, subd. (e)(1), (4).)

5

"Filing a lawsuit is an exercise of a party's constitutional right of petition." (*Aron v. WIB Holdings* (2018) 21 Cal.App.5th 1069, 1083.) Measures taken to collect on a judgment are enforcement activities necessarily arising from communications made in a judicial proceeding. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1062–1063 (*Rusheen*).)

J&S argues that the cross-complaint does not arise from litigation because CAB's alleged misconduct occurred after the court vacated the judgment. We disagree. The cross-complaint arises from CAB's levy on J&S's bank account. Levying on property is part and parcel of litigation. "There is no doubt the cross-complaint arises out of the underlying litigation, so it is subject to the anti-SLAPP statute. The gravamen of the claim is misconduct *in* the underlying litigation." (*Booker v. Rountree* (2007) 155 Cal.App.4th 1366, 1370.)

Section 425.16 applies to any activity that conceivably furthers a defendant's petition rights unless "as a matter of law, that activity was illegal and by reason of the illegality not constitutionally protected." (*Flatley*, *supra,* 39 Cal. 4th at p. 316.) If a lawyer's communications "constituted criminal extortion as a matter of law," they are unprotected by constitutional free speech or petition guarantees and section 425.16 does not apply. (*Id.* at p. 305.) Here, CAB's activity was not "conclusively demonstrated to have been illegal as a matter of law." (*Id.* at p. 320.)

"[C]onduct that would otherwise come within the scope of the anti-SLAPP statute does not lose its coverage . . . simply because it is *alleged* to have been unlawful or unethical." (*Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 910–911.) CAB lawfully levied on J&S's bank account under a valid writ of execution. After the court vacated the judgment, J&S could have

6

sought a further order directing CAB to relinquish money it levied. J&S did not do so. The court's tacit expectation that CAB would return money levied under the writ does not make CAB's failure to do so "criminal" conduct, unlike *Flatley*. CAB's activities fall within the scope of section 425.16.

### J&S Cannot Show a Probability of Prevailing

J&S must show a probability of prevailing on its claims to defeat the motion to strike. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) Though "minimal merit" is needed to survive an anti-SLAPP motion (*Navellier v. Sletten, supra,* 29 Cal.4th at p. 89), J&S cannot make the minimal merit showing here because its tort claims are barred by the litigation privilege. (Civ. Code, § 47, subd. (b).)

The privilege applies to communications made by litigants in judicial proceedings to achieve the objectives of the litigation, having "some connection or logical relation to the action." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.) " '[C]ommunications with "some relation" to judicial proceedings' are 'absolutely immune from tort liability' by the litigation privilege [citation]. It is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards." (*Rusheen, supra,* 37 Cal.4th at p. 1057.) This absolute privilege gives litigants "the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." (*Silberg*, at p. 213.)

The privilege applies to acts "committed fraudulently or with malice" while collecting on a judgment. (*O'Keefe v. Kompa* (2000) 84 Cal.App.4th 130, 135 [improper levy on a bank account during an appeal is privileged].) "[A]pplying for a writ [of execution] is privileged. The privilege extends to torts arising

from the privileged statement or publication.  As such, not only does the privilege protect the application for the writ of execution, it also extends to the act of carrying out the directive of the writ." (*Brown v. Kennard* (2001) 94 Cal.App.4th 40, 50.)

*Rusheen v. Cohen* is instructive.  Cohen obtained a default judgment and writ of execution, and levied on Rusheen's property. (*Rusheen, supra,* 37 Cal.4th at pp. 1052–1054.) Rusheen cross-complained against Cohen for taking a default and executing on the judgment without proper service of process. Cohen filed an anti-SLAPP motion, arguing that his conduct was privileged. (*Id.* at p. 1054.)  Our Supreme Court agreed, holding that the cross-complaint was based on Cohen's communicative acts in filing allegedly perjured declarations to obtain a default judgment; Cohen's "postjudgment enforcement efforts," including the writ of execution and levying, were "noncommunicative actions which are necessarily related" to his communicative acts in securing the default.  (*Id.* at p. 1052.)

Although *Rusheen* involved a cross-complaint for abuse of process, not for conversion and negligence, the same reasoning applies.  The gravamen of J&S's cross-complaint is that CAB's valid levy on J&S bank accounts became wrongful after the court vacated the judgment.  However, a levy made under a valid statute is privileged. (*Olszewski v. Scripps Health* (2003) 30 Cal.4th 798, 831–832 [defendant's allegedly unlawful seizure of funds under a statutory lien was privileged].)

Only malicious prosecution claims are exempt from the litigation privilege.  (*Rusheen, supra,* 37 Cal.4th at p. 1057; *Olszewski v. Scripps Health, supra,* 30 Cal.4th at p. 830.)  J&S's conversion and negligence claims fall within it.  CAB's levy under a valid writ of execution had a "connection or logical relation" to

8

its default judgment. (*Silberg v. Anderson, supra,* 50 Cal.3d at p. 212.) The privilege did not evaporate when the court vacated the default and judgment after finding excusable neglect. Even if the court viewed CAB's retention of money as unethical—because returning the money was "implicit" in its order—it is still privileged. Seizing bank funds to satisfy a judgment is privileged "even if, as alleged, wrongful and harmful." (*O'Keefe v. Kompa, supra,* 84 Cal.App.4th at p. 135.)

As a consequence of J&S's failure to ask the trial court to amend its order, quash the writ of execution, and direct the return of its money, J&S exposed itself to CAB's anti-SLAPP motion by filing a cross-complaint. J&S's remedy was, and still is, to seek relief in the main action. (*Rusheen, supra,* 37 Cal.4th at p. 1064 ["nontort remedies for the allegedly wrongful conduct [include] moving to recall and quash the writ of execution"].) Suing over CAB's levy is not a remedy: CAB's collection efforts fall within the absolute privilege of Civil Code section 47, which "limit[s] derivative tort claims arising out of litigation-related misconduct" by "favoring sanctions within the original lawsuit." (*Rusheen,* at p. 1063.)

9

## DISPOSITION

The order denying appellant's motion to strike is reversed. The case is remanded to the trial court with directions to strike respondent's cross-complaint under Code of Civil Procedure section 425.16.  Appellant is entitled to recover its costs on appeal.

NOT TO BE PUBLISHED.


                                        LUI, P. J.

We concur:



ASHMANN-GERST, J.



HOFFSTADT, J.