Filed 3/9/26  Snyder v. Cohen CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| STEPHEN SNYDER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LES COHEN et al.,<br><br>    Defendants and Respondents. | B338944<br><br>(Los Angeles County Super. Ct. No. 23STCV21032) |

APPEAL from an order of the Superior Court of Los Angeles County, Elaine Lu, Judge.  Affirmed.

Stephen Snyder, in pro. per., for Plaintiff and Appellant.

Krause-Leemon Cohen & Daneshrad and David R. Krause-Leemon for Defendant and Respondent Les Cohen.

Nemecek & Cole, Michael McCarthy and Vikram Sohal for Defendants and Respondents David Daneshrad, Assaf "Jay" Cohen and Cohen & Daneshrad, LLP.

_____

Respondent Les Cohen secured a default judgment against appellant Stephen Snyder. When his efforts to set aside default failed, Snyder sued Cohen and his attorneys, who moved to strike the complaint as a Strategic Lawsuit Against Public Participation (SLAPP). The state anti-SLAPP law curbs "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (Code Civ. Proc., § 425.16, subd. (a).)[1] The trial court struck Snyder's complaint.

On de novo review, we conclude (1) Snyder's complaint arises from Cohen's First Amendment petitioning activity, and (2) Snyder cannot prevail on the merits. We affirm.

## FACTS AND PROCEDURAL HISTORY

### The Prior Litigation

Cohen sued Snyder for fraudulently inducing him to make sham investments (the Cohen Action). He alleged that Snyder absconded with his money. Respondents David Daneshrad and Assaf "Jay" Cohen (Attorneys) represented Cohen in the lawsuit.

Snyder was served with the Cohen Action on September 26, 2020. He did not answer. At Attorneys' request, the superior court clerk entered default on October 28, 2020.

### Snyder Challenges the Default

In 2022, Snyder moved to quash service and set aside the default, arguing that proof of service in the Cohen Action was fraudulent. He claimed to be living in Florida in 2020, and the court lacked personal jurisdiction because he was never served in California. He sought to set aside the default for lack of notice and extrinsic fraud.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

Snyder asserted that he and Cohen entered a settlement and release (Settlement) in May 2020, encompassing all disputes between them. It required arbitration. Cohen sued Snyder *after* signing the Settlement.

In opposition, Cohen asserted that Attorneys hired a private investigator to ascertain Snyder's whereabouts. An investigation revealed that he was living with a girlfriend in Covina. A registered process server declared he personally served Snyder on September 26, 2020.

### The Trial Court Denies Relief

The trial court denied Snyder's motions. On the motion to quash, it ruled that the proof of service filed by a process server created a rebuttable presumption of proper service. It rejected Snyder's claim of nonresidence in California, finding his declaration "self-serving" and unsupported by evidence of residence in Florida. Snyder did not rebut the presumption of proper service.

The trial court declined to set aside the default, reiterating that Snyder was personally served. He did not "present sufficient facts to demonstrate that he lacked notice" or refute that "any purported lack of notice was not caused by avoidance of service or inexcusable neglect." He did not prove he was in Florida at the time of service. Though Cohen did not show he served Snyder with notice of entry of default, the court found Snyder was not "reasonably diligent in bringing the request for relief."

### The Court Enters Default Judgment

Cohen applied for default judgment. The court entered judgment for Cohen totaling nearly $2 million, including prejudgment interest and costs, on his causes of action for fraud

3

and conspiracy to commit fraud.  Snyder was given a credit of $212,500.  He appealed the judgment.[2]

## Snyder Sues Respondents

Acting in propria persona, Snyder sued Cohen and Attorneys, alleging fraud, tortious interference with contract, and Business & Professions Code (BPC) violations.  He alleged the Settlement was signed in May 2020, but respondents concealed it in the Cohen Action.  Cohen had released his claims against Snyder and agreed to arbitrate disputes.

Snyder alleged that respondents "never actually served" the Cohen Action.  He was not living in California, the process server lied, and default judgment was improper because he was denied due process.  Snyder acknowledged the trial court's denial of his motion to set aside the default.

## Respondents' Motions to Strike

Cohen moved to strike Snyder's complaint under section 425.16, arguing that the lawsuit infringed on his constitutional rights: "Snyder's entire Complaint is premised on the assertion Snyder has been damaged because [Cohen] (and [Cohen's] attorneys) sued Snyder in a prior action and obtained a judgment against him.  Snyder's current Complaint seeks to penalize [Cohen] for exercising his right of petition (and prevailing) in the underlying action."  Cohen also asserted that Snyder cannot prevail on the merits of his claims, which are barred by the litigation privilege and res judicata.

---

[2] The judgment was affirmed by Division Three of this district in *Cohen v. Snyder* (Feb. 2, 2026, B333194 [nonpub. opn.].)  We refer to the opinion as B333194.

4

The Attorneys separately moved to strike the complaint. They argued that Snyder sued them for filing the Cohen Action on behalf of their client. Their activity is protected by the litigation privilege, and the issues Snyder raises are res judicata.

In opposition, Snyder argued that respondents committed fraud upon the court in the Cohen Action, pointing to the Settlement. This lawsuit "is intended to stop the fraudulent misconduct upon the court and the Plaintiff . . . as well as to undo the injustice perpetrated against Snyder." Snyder contended that respondents' concealment of the Settlement is criminal, and he seeks to enforce its release clause. Cohen has already received six-figure settlements from other parties.

Snyder argued he is likely to prevail on the merits. The litigation privilege does not apply because respondents engaged in fraud and professional misconduct. Res judicata does not apply because Snyder is not relitigating issues. He simply wants to enforce the Settlement.

In reply, respondents argued that filing the Cohen Action was protected activity. Failure to disclose the Settlement to the court was not criminal. At most, the Settlement was a potential defense to the Cohen Action. The litigation privilege and res judicata prevent Snyder from prevailing.

**The Trial Court's Ruling**

The trial court found respondents engaged in protected petitioning activity, and it could not identify any illegal conduct. Filing the Cohen Action, failing to disclose the Settlement, and filing a false proof of service are not crimes. The court did not take judicial notice of the Settlement, which bears no file stamp to show it is a court record. It sustained Attorneys' objection to

5

Snyder's claim that Cohen settled with other parties, because the claim lacked personal knowledge or foundation.[3]

The court found Snyder is unlikely to prevail on the merits. The litigation privilege applies. Filing the Cohen Action and a false proof of service arose from the prosecution of litigation. The court struck Snyder's complaint and entered judgment for respondents.

## DISCUSSION

### Overview of the Anti-SLAPP Law

Courts must strike causes of action arising from a defendant's exercise of First Amendment rights unless plaintiff shows a probability of prevailing on the claim. (§ 425.16, subd. (b)(1).) The law is construed "broadly" (*id.,* subd. (a)) as "a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*).) An order granting an anti-SLAPP motion is appealable. (§ 425.16, subd. (i).) Review is de novo. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.)

A two-step analysis is done. First, the defendant must show claims made against him arise from his protected First Amendment activity. If constitutional rights are affected, the burden shifts to the plaintiff to show a probability of prevailing on the merits. If the plaintiff's showing is not sufficient to sustain a favorable judgment, the claims are stricken. (*Baral*, *supra*, 1 Cal.5th at p. 396; *Olson v. Doe* (2022) 12 Cal.5th 669, 678–679.) Courts consider "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).) Without weighing the

---

[3] Snyder has not challenged any evidentiary rulings.

evidence, we determine if the moving party's evidence defeats plaintiff's claims as a matter of law. (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067.)

## Respondents' Petitioning Activity

The first prong of the SLAPP analysis focuses on "the defendant's *activity* that gives rise to his or her asserted liability" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 92) and "whether the cause of action is *based on* the defendant's protected free speech or petitioning activity." (*Id.* at p. 89.) This encompasses "any written or oral statement or writing" in a judicial proceeding, or in connection with an issue under consideration or review by a judicial body, and "any other conduct in furtherance of the exercise of the constitutional right of petition." (§ 425.16, subd. (e)(1), (2), (4).)

" '[T]he constitutional right to petition . . . includes the basic act of filing litigation.' " (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115.) Prefiling settlement negotiations are also protected activity. (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1024–1025.) A lawsuit arising from prior litigation is subject to dismissal. (*Shekhter v. Financial Indemnity Co.* (2001) 89 Cal.App.4th 141, 151.)

Snyder's claims arise from respondents' petitioning activity. He alleged: "Due to the fact that SNYDER has been unable to properly defend himself against [Cohen's] FRAUDULENT COMPLAINT due to the improper service, the court ordered a default judgment against SNYDER on August 8th, 2023. Thus, this lawsuit is necessary in order to undo the injustice that has been perpetrated against him." Opposing the motions to strike, Snyder averred that the claims and causes of action in his lawsuit "solely have to do with fraud,

7

concealment, conspiracy, deceit, fraudulent misrepresentation of material facts and other acts of moral turpitude that were perpetrated against me (Snyder), the court, and other parties" in the Cohen Action. On appeal, Snyder writes he "was never properly served in [the Cohen Action], there was a fraudulent proof of service filed and thus Snyder was denied due process in that proceeding."

The Cohen Action falls squarely within section 425.16. Prosecuting a civil complaint is protected conduct, even if "filed with a malicious motive and without probable cause." (*Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087–1088.) Protection extends to counsel. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056 (*Rusheen*); *Thayer v. Kabateck Brown Kellner LLP* (2012) 207 Cal.App.4th 141, 158 [section 425.16 applies to "a nonclient who alleges causes of action against someone else's lawyer based on that lawyer's representation"].) " '[C]onduct that would otherwise come within the scope of the anti-SLAPP statute does not lose its coverage . . . simply because it is *alleged* to have been unlawful or unethical.' " (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 285.)

Petitioning includes respondents' allegedly fraudulent service of summons. Service of process is a necessary step in litigation. Misconduct related to service arises from petitioning. (*Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 966.) Abuse of process claims are subject to a special motion to strike. (*Booker v. Rountree* (2007) 155 Cal.App.4th 1366, 1370–1371; *Rusheen*, *supra*, 37 Cal.4th at pp. 1058–1059 [false declarations of service used to secure a default judgment].)

Apart from the claimed failure to receive service or notice, Snyder cites respondents' failure to disclose the Settlement,

8

which Cohen signed before filing his lawsuit. Snyder argues that concealing the Settlement was illegal, a fraud upon the court, and unprotected by section 425.16.

Section 425.16 does not apply if, as a matter of law, speech or petitioning activity "was illegal and by reason of the illegality not constitutionally protected. [Citation.] In such a narrow circumstance, where either the defendant concedes the illegality of its conduct or the illegality is conclusively shown by the evidence, the motion must be denied." (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 316.) In *Flatley,* an attorney's threatening letter amounted to extortion, which is not protected speech as a matter of law. (*Id.* at pp. 328–333.)

Snyder asserts that Attorneys violated BPC section 6128.[4] He points to their concealment of the Settlement as proof of deceit. Snyder also argues that Attorneys engaged in theft, in violation of the Penal Code.

Snyder alleged that the Attorneys were retained between June and August 2020, after Cohen signed the Settlement. No evidence shows Attorneys drafted the Settlement or knew of it. Regardless of Attorneys' knowledge, there is no proof of a crime, let alone conclusive proof. Lawyers who make false claims may be subject to criminal prosecution or State Bar disciplinary proceedings, not a civil suit. (*People v. Potter Handy, LLP* (2023) 97 Cal.App.5th 938, 944–945, 956–957.) Snyder has no proof of perjury or theft. The "criminal activity" exception to section 425.16 does not apply here.

---

[4] The statute reads, "[e]very attorney is guilty of a misdemeanor who . . . [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party."

## Probability of Prevailing

Snyder must show a probability of prevailing to defeat the motion to strike. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) This step of the analysis requires admissible evidence; plaintiff cannot rely on allegations in the complaint or conclusory statements. (*Finton Construction, Inc. v. Bidna & Keys, APLC* (2015) 238 Cal.App.4th 200, 213.) Though "minimal merit" is needed to survive an anti-SLAPP motion (*Navellier v. Sletten*, *supra*, 29 Cal.4th at p. 89), Snyder cannot make a minimal merit showing here.

First, the litigation privilege bars Snyder's claims. (Civ. Code, § 47.) It applies to communications made (1) in judicial proceedings; (2) by litigants or other participants; (3) to achieve litigation objectives; (4) with "some connection or logical relation to the action." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.)

"To effect its purposes—access to the courts without fear of later harassment by derivative tort actions, . . . giving finality to judgments, and avoiding endless litigation—the litigation privilege 'is absolute and applies regardless of malice,' and ' "has been given broad application." ' " (*Bergstein v. Stroock & Stroock & Lavan LLP* (2015) 236 Cal.App.4th 793, 814; *Rusheen, supra,* 37 Cal.4th at p. 1063.)

The absolute privilege applies when, as here, default judgment was allegedly based on perjured declarations of service. (*Rusheen, supra,* 37 Cal.4th at pp. 1052–1053, 1062.) Though Snyder claims respondents concealed the Settlement, "the litigation privilege extends to fraudulent statements, even when made to a court, if they were made in furtherance of litigation" because " ' "[t]he 'furtherance' requirement was never intended as a test of a participant's motives, morals, ethics or intent." ' "

(*Herterich v. Peltner* (2018) 20 Cal.App.5th 1132, 1141–1143 [lawsuit for fraud and concealment against an attorney and her client arising from prior litigation].)

Second, Snyder cannot relitigate issues resolved in the Cohen Action. Collateral estoppel applies when (1) the issue sought to be precluded is identical to one decided in prior litigation; (2) it was actually litigated; (3) it was necessarily decided; and (4) the prior decision is final and on the merits. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.)

The issues raised in this lawsuit regarding improper service of process, extrinsic fraud, and concealment of the Settlement were decided in B333194, Snyder's appeal of the default judgment. In B333194, the court found no abuse of discretion in denying Snyder's request for relief from default. He did not refute the presumption of proper service. (B333194, *supra*.) No due process violation occurred because he was properly served. (*Ibid.*)

The court wrote in B333194 that Snyder was served with summons and had notice and an opportunity to defend; therefore, it rejected his claim of extrinsic fraud. Once served, Snyder could have filed a demurrer or answer challenging respondents' lawsuit on the grounds that Cohen released his claims in the Settlement. He forfeited his claim that Cohen failed to notify him of entry of default. (B333194, *supra*.) Snyder cannot relitigate these issues in his lawsuit against respondents.

Third, Civil Code section 1714.10 prohibits causes of action against attorneys for conspiring with a client while representing the client in a dispute, unless the plaintiff first obtains a court order declaring there is a reasonable probability of prevailing in the action. The "preamble" to Snyder's complaint states that he

11

was "subjected to a grave injustice" owing to "the conspiracy between all named Defendants"—Cohen and the Attorneys—who willfully deceived the court and others by filing the Cohen Action without mentioning the Settlement. All of Snyder's causes of action incorporate the preamble.

Snyder did not show Attorneys have an independent legal duty to him, or that their acts went beyond representation of Cohen for their financial gain. (Civ. Code, § 1714.10, subd. (c).)[5] This is not like *Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone* (2003) 107 Cal.App.4th 54, 84–85, finding that counsel for an insurance company had an independent duty not to misrepresent its insured's policy limits. Because Snyder alleges a conspiracy between Attorneys and their client, and failed to obtain an order allowing the claim, he cannot prevail on his causes of action against Attorneys. (Civ. Code, § 1714.10, subd. (b).)

---

[5] Snyder cites malpractice cases to support the idea that his lawsuit does not arise from protected activity. The cases are inapposite because he is not Attorneys' client.

## DISPOSITION

The order striking appellant's complaint is affirmed. Respondents are entitled to recover their attorney fees and costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


CHAVEZ, J.


GILBERT, J.*

---

\* Retired Presiding Justice of the Court of Appeal, Second Appellate District, Division Six, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.