[No. F006921. Fifth Dist. June 11, 1987]

TWAIN HARTE HOMEOWNERS ASSOCIATION, Plaintiff and Appellant, v.
EARL A. PATTERSON et al., Defendants and Respondents.

**COUNSEL**

Alexander T. Henson for Plaintiff and Appellant.

William G. Polley for Defendants and Respondents

**OPINION**

**FRANSON, Acting P. J.**— Appellant Twain Harte Homeowners Association (Association) appeals from an order of dismissal entered after respondents' demurrer to the Association's complaint was sustained as to both counts.

The complaint alleges that the Association, the only named plaintiff, is a California corporation organized to represent the interests of its members, all of whom hold title to property within the Twain Harte tract.

In 1948, a recreational easement was recorded on land presently owned by respondents. The easement was granted by respondents' predecessors in interest "to present and future record title owners of real property situated within the territorial limits of Twain Harte Tract in Tuolumne County."

The Association alleges that, in a prior action, respondents obtained an "Order Quieting Title to Real Property" without properly giving the notice required by statute, and that respondents "have no right, title, estate, lien, or interest whatsoever in the above-described property superior to that of [the Association's] members in a recreational easement."

The complaint asserts two causes of action: one to quiet title, and one for declaratory relief regarding the respective rights of the parties.

### DISCUSSION

 The only issue is whether the Association has standing to represent the interests of its members in this suit. The Association is not a "record

title owner" of real property involved in the suit; only its members own such title.

The Association argues this action is permitted under the rationale of *Salton City etc. Owners Assn.* v. *M. Penn Phillips Co.* (1977) 75 Cal.App.3d 184 [141 Cal.Rptr. 895] (hereafter *Salton City*). In that case, plaintiff association, as representative of its members, sued defendant Phillips for fraud in a land sale operation. Phillips demurred on the ground that the association had no standing to sue. The demurrer was sustained; the association failed to amend its complaint, and appealed from a subsequent order of dismissal. The appellate court reversed, finding the essential nature of the lawsuit to be "a class action on behalf of a self-defined class. (Cf. *Residents of Beverly Glen, Inc.* v. *City of Los Angeles* [(1973)] 34 Cal.App.3d 117, 128 . . . .)" (*Id.* at p. 188.) The association's failure to allege its membership in the class was no impediment to its standing, so long as it could adequately and fairly represent the class's interests. (*Id.* at p. 190.)

Respondents argue that the conditions that made the representative actions permissible in *Salton City* and related cases are not present in the instant case. ■ First, "[t]he doctrine of virtual representation rests on considerations of necessity and paramount convenience and was adopted to prevent a failure of justice." Second, there must be "an ascertainable class and a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented." (*Salton City, supra,* 75 Cal.App.3d at p. 189; accord, *Raven's Cove Townhomes, Inc.* v. *Knuppe Development Co.* (1981) 114 Cal.App.3d 783, 795 [171 Cal.Rptr. 334].) Respondents maintain these requirements are not present here.

■ The class is clearly defined; the Association does not purport to represent anyone but its own membership, a group easily identified through discovery. Respondents' argument about the difficulty of cross-complaining to quiet title against an unidentified group of "hundreds or thousands of potential claimants" is specious; statutory notice provisions for quiet title actions provide for publication and posting of the complaint and summons conspicuously on the property in question. This will give notice to unknown adverse claimants. (Code Civ. Proc., §§ 762.060, 763.010-763.040, 415.50.)

Similarly, the community of interest among the Association's members in the factual and legal questions is obvious from the face of the complaint. If the easement exists, it inures to the benefit of each member of the Association, as an alleged property owner in the Twain Harte tract.

Respondents contend that, regardless of the above, a representative action is not justified because no problems of inconvenience or of necessity to

avoid injustice are present. They argue that permitting a representative action would *cause* injustice, as no damages to the Association's members have been alleged.

■ Damages need not be alleged in a quiet title action. It is sufficient if a plaintiff alleges an interest in the property and the adverse claim or claims against which it seeks a determination. (Code Civ. Proc., § 761.020.) The Association has done both (although the interest it alleges is that of its members). ■ Nor is it necessary to plead damages in an action for declaratory relief. (Code Civ. Proc., § 1060 et seq.; *Maguire* v. *Hibernia Sav. & Loan Soc.* (1944) 23 Cal.2d 719, 728 [146 P.2d 673, 151 A.L.R. 1062]: "A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by the court.")

■ This case is one most effectively dealt with through a representative action. In *Salton City,* the court permitted such an action even though the plaintiff's 2,000 members would each presumably need to prove an independent measure of damages. "Only the extent of injury to each member would require individualized proof, a fact insufficient in itself to bar *class treatment* of the action." (*Salton City, supra,* 75 Cal.App.3d at p. 188.) Here this difficulty is not present; the only "individualized" factor in question is each member's ownership of property in the Twain Harte tract, a question easily answered at trial.

■ Respondents point out that the "Twain Harte Tract" was not defined in the original granting of the easement or in the complaint, and contend that there is no record of a "Twain Harte Tract" ever existing. The Association admits that no recorded description of the "Twain Harte Tract" exists. However, the existence or nonexistence of the tract in the county's records is irrelevant to the questions raised by the demurrer; it is more a question of fact to be determined at trial. The Association has alleged that an easement was granted to property owners in the Twain Harte tract, and that its members are all property owners in that tract. In reviewing the sustaining of the demurrer, we should presume that these allegations are true without weighing the difficulty of proof. (*Ochoa* v. *Superior Court* (1985) 39 Cal.3d 159, 162, fn. 2[216 Cal.Rptr. 661, 703 P.2d 1].) In any event, "Twain Harte Tract" may be a descriptive name, and thus would be sufficient identification of the real property for conveyance purposes, regardless of whether it appears in the county's land records. (Civ. Code, § 1092.)

The judgment of dismissal is reversed; the trial court is directed to overrule respondents' demurrer on both counts. Appellant to recover its costs on appeal.

Hamlin, J., and Pettitt, J., concurred.