Filed 8/29/25  Whiting v. Murray CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARY A. WHITING, | B340757 |
| Appellant, | (Los Angeles County Super. Ct. No. 22CMCV00145) |
| v. | |
| LOYAL J. MURRAY, | |
| Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Fumiko Wasserman, Judge.  Affirmed.

Law Offices of Bennett A. Rheingold and Bennett A. Rheingold for Appellant.

Law Office of Stefon A. Jones and Stefon Jones for Respondent.

————————————————

Mary Whiting appeals the trial court's order vacating the stipulated judgment entered in a quiet title action in which she was a defendant and cross-complainant. Pursuant to the judgment, Whiting was declared the sole owner of a property in Carson, California (the property), of which she was a joint tenant with William Polk prior to his death. After she was appointed the administrator of the Estate of William Polk (the Estate), respondent Loyal Murray moved to vacate the judgment on the ground that neither she nor the Estate, of which she was the sole beneficiary, had been served in the quiet title action. Although the trial court found that Murray had actual knowledge of the action, it granted the motion to vacate the judgment. We affirm. We deny Murray's motion for sanctions.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 24, 1971, a deed was recorded that identified "William Polk and Arline J. Polk, husband and wife," as joint tenants of the property.

On December 8, 2005, a grant deed transferring the property from William Polk and Arline J. Polk to Angela Murray was recorded. Loyal Murray signed the deed as attorney in fact for Polk.[1]

On January 4, 2006, a deed was recorded in which Polk, "an unmarried man," quitclaimed the property to himself and Whiting as joint tenants.

---

[1] Because Loyal and Angela Murray share a last name, we refer to Angela by her first name. In her opening brief, Whiting asserts that Murray is Angela's mother. The portion of the record she cites does not establish this fact.

2

In a will dated April 1, 2006, Polk disinherited Whiting, bequeathed all real and personal property to Loyal, and nominated Loyal to act as his executrix.

On June 6, 2006, a grant deed was recorded in which Polk "disput[ed] the validity" of the prior deed but granted the property to himself and Whiting as equal tenants in common.

Polk died on July 9, 2006.

### The quiet title action

In May 2022, Angela filed a verified complaint to quiet title to the property. The complaint named as defendants Whiting and "All Persons Unknown Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in the Property Adverse to Plaintiff's Title." Angela alleged that she was the owner of the property based on the 2005 grant deed and that the deeds transferring the property to Polk and Whiting were fraudulent. Angela served the complaint on Whiting in June 2022.

In August 2022, Whiting filed a cross-complaint to quiet title to the property, naming as defendants Angela and "all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Cross-Complaint adverse to Cross-Complainant's title, or any cloud on Cross-Complainant's title." Whiting alleged that Arline was the name of a former girlfriend of Polk's, whom he never married, and no one by the name of Arline J. Polk ever existed. She further alleged that the grant deed transferring the property to Angela was void because Murray, not Polk, signed it, and Murray lacked the authority to sign on Polk's behalf. Similarly, she claimed the deed recorded in June 2006 was fraudulent and void because Polk did not execute it. Whiting served the cross-

3

complaint on Angela. There is no evidence in the record of service of the complaint or cross-complaint on any other person.

On August 8, 2023, the parties filed a stipulation for entry of judgment, which provided that Whiting was the owner in fee simple of the property and Angela and "all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the Property [(Persons Unknown)] are without any right, and have no estate, right, title, lien or interest in the Property adverse to Mary A. Whiting."[2] The trial court entered the judgment on August 11, 2023, and entered an amended judgment on September 18, 2023. At some point after entry of the amended judgment, Whiting sold the property.

### *The probate actions*

In November 2022, Murray filed a petition for probate which identified the property as the sole asset of Polk's estate. She also filed a notice of related cases in the probate action identifying the quiet title action. She served the notice on counsel for Angela and Whiting.

In May 2023, Murray filed a notice of intent to abandon the petition, which she also served on counsel for Angela and Whiting. In June 2023, the probate court denied the petition without prejudice.

In April 2024, Murray filed a second petition for probate. The petition stated that Murray had provided notice to Whiting at an address in California. Murray did not provide notice to Whiting's counsel. According to a declaration later filed by

---

[2] The parties stipulated that the December 5, 2005 grant deed purporting to transfer the property to Angela was "invalid, void and of no force or effect."

4

Whiting's counsel, Whiting had not lived in California for several years and Murray was aware of that fact.

The probate court granted the petition for probate on June 7, 2024, and appointed Murray as administrator of the Estate.

### *The motion to vacate judgment*

In July 2024, Murray filed a motion to set aside the judgment. She argued that the parties in the quiet title action had failed to serve her or the Estate and the court lacked jurisdiction to make an order affecting their rights. In opposition, Whiting argued that Murray had actual knowledge of the quiet title action, as demonstrated by the notice of related cases Murray filed in the first probate action.

On July 30, 2024, the trial court granted the motion. It found that the proof of service Angela had filed did not demonstrate service on Persons Unknown and the court therefore lacked jurisdiction over such Persons, including the Estate. The court further found that Murray had actual knowledge of the action as of November 2022, but concluded that the "Estate was not established as an entity until July of 2024" and Murray had filed her petition to vacate the judgment "within a reasonable time of [the] Estate being able to act as an entity."

Whiting timely appealed.

## DISCUSSION

## I. The Trial Court Did Not Abuse Its Discretion in Vacating the Quiet Title Judgment

### A. Standard of review and applicable legal principles

Under Code of Civil Procedure section 473, subdivision (b), a party may move for relief from default "taken against him or her through his or her mistake, inadvertence, surprise, or

excusable neglect," where the party moves "within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."[3]  Under section 473, subdivision (d), "[t]he court . . . may, on motion of either party after notice to the other party, set aside any void judgment or order."  (*Ibid*.)  Under section 473, subdivision (d), the court may set aside a void judgment at any time.  (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 749.)  A trial court also "generally retains the inherent power to vacate a default judgment or order on equitable grounds where a party establishes that the judgment or order was void for lack of due process [citation] or resulted from extrinsic fraud or mistake [citation]."  (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1228 (*Gorham*).)

A judgment entered against a person who was not properly served is void because the trial court lacked jurisdiction over the person (*Gorham*, *supra*, 186 Cal.App.4th at pp. 1225–1226) and the judgment violates the person's procedural due process rights.  (*Ridec LLC v. Hinkle* (2023) 92 Cal.App.5th 1182, 1202.)  "[W]here it is shown that there has been a complete failure of service of process upon a defendant, he generally has no duty to take affirmative action to preserve his right to challenge the judgment or order even if he later obtains actual knowledge of it because '[w]hat is initially void is ever void and life may not be breathed into it by lapse of time.'  [Citation.]"  (*Gorham*, at p. 1229.)

We review an order on a motion to set aside a judgment for an abuse of discretion.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981; *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th

---

[3]     All undesignated statutory references are to the Code of Civil Procedure.

6

1241, 1249.) However, we review the trial court's determination of whether the judgment was void de novo and its factual findings for substantial evidence. (*Paterra v. Hansen* (2021) 64 Cal.App.5th 507, 526.)

"We review the result the trial court reached, not its legal reasoning, and we may affirm on any ground supported by the record, unconstrained by the route the trial court took in getting there." (*Apex Solutions, Inc. v. Falls Lake Ins. Management Co., Inc.* (2024) 100 Cal.App.5th 1249, 1257.)

### B.     Analysis

The trial court concluded that it lacked jurisdiction over Persons Unknown because they were not served. Whiting does not dispute the trial court's finding, nor is there any indication in the record that Whiting or Angela served Persons Unknown.[4] It follows that the judgment against such Persons, including Murray in her capacity as beneficiary or executor of the Estate, was void.

Whiting's reliance on section 473, subdivision (b), is unavailing. Because the judgment was void for lack of proper

---

[4]     Section 763.010, subdivision (b), provides that, if a plaintiff in a quiet title action establishes to the satisfaction of the court that he or she "has used reasonable diligence to ascertain the identity and residence of and to serve summons on the persons named as unknown defendants and persons joined as testate or intestate successors of a person known or believed to be dead, the court shall order service by publication pursuant to Section 415.50 and the provisions of this article." (See also §§ 763.020–763.040; *Twain Harte Homeowners Assn. v. Patterson* (1987) 193 Cal.App.3d 184, 187 ["statutory notice provisions for quiet title actions provide for publication and posting of the complaint and summons conspicuously on the property in question" to provide notice to unknown adverse claimants].)

service, the trial court could vacate it at any time under section 473, subdivision (d).[5]  Whiting also fails to establish that the court abused its discretion in vacating the judgment because Murray had actual knowledge of the quiet title action in November 2022, when she filed the notice of related cases.  Even assuming Murray was also aware of the judgment when the trial court entered it, actual knowledge is not a substitute for service. (*Gorham*, *supra*, 186 Cal.App.4th at p. 1229; *Renoir v. Redstar Corp.* (2004) 123 Cal.App.4th 1145, 1152 ["Knowledge by a defendant of a plaintiff's action does not satisfy the requirement of adequate service of a summons and complaint."].)

Whiting contends that Murray, as an alleged beneficiary of the Estate, had the right to become a party to the quiet title action without being appointed administrator, citing *Landis v. First National Bank* (1937) 20 Cal.App.2d 198, 207.  *Landis* held that a " 'beneficiary may prosecute claims where the personal representative cannot or will not act, or where the personal representative himself, by collusion with the debtor, or otherwise, obstructs the natural course which the law establishes for the transmission of the estate to the heirs.' " (*Ibid.*)  It is unclear that this rule would apply where the personal representative and the sole beneficiary are the same person, as is the case here.

---

[5]  Because the judgment roll includes the summons with its proof of service (§ 670, subd. (b)), on which the trial court relied, the judgment appears to be void on its face.  Even if it were not, our Supreme Court recently held that there is also no time limit to bring a motion for relief from a judgment under section 473, subdivision (d), in the original action on the ground that the judgment, though valid on its face, is void for lack of proper service.  (*California Capital Insurance Company v. Hoehn* (2024) 17 Cal.5th 207, 225.)

8

Regardless, Murray had no duty to take affirmative action to preserve the right to challenge the judgment. (*Gorham*, *supra*, 186 Cal.App.4th at p. 1229.)

Whiting further relies on *Bennett v. Hibernia Bank* (1956) 47 Cal.2d 540, 554, for the proposition that equity will ordinarily not interfere with a judgment on the ground of extrinsic fraud or mistake unless the moving party can make a prima facie case that if the judgment were set aside and the proceedings were reopened, a different result would probably follow. However, the trial court had statutory authority to vacate the judgment under section 473, subdivision (d). Even if the court had acted in equity, Whiting does not cite any decisions supporting the proposition that a judgment that is void for lack of service can only be vacated where the party also pleads that he or she has a meritorious case. Indeed, the law is to the contrary. (See *Peralta v. Heights Medical Center, Inc.* (1988) 485 U.S. 80, 86 [trial court ruling that a "default judgment must stand absent a showing of a meritorious defense to the action in which judgment was entered without proper notice to appellant" was "plainly infirm" under the Due Process Clause of the Fourteenth Amendment]; *Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 206 [defendant who undisputedly was never served in the action was entitled to an order vacating a renewal of judgment without establishing a meritorious defense].)

Finally, Whiting argues "that the trial court's reasoning that a 'reasonable time' to bring or intervene in an action concerning title to the property does not begin until an Administrator of the Estate is appointed is . . . illogical," and its statement that the Estate did not exist as an entity until July 2024 would mean "that even if Persons Unknown had been

9

served by [Angela] or [Whiting] with a summons and complaint by publication, that the publication would have been ineffective to confer jurisdiction on the trial court." We need not endorse the trial court's reasoning to affirm its ruling.

For the reasons described above, we conclude that the order vacating the judgment was not an abuse of discretion.

## II.    We Deny the Motion for Sanctions

Murray filed a motion seeking sanctions in the form of the attorney fees she incurred on appeal. She contends that Whiting's appeal lacked merit and was intended to cause delay. She relies on Whiting's counsel's settlement e-mails in which he stated that he intended to appeal the court's order and pointed out the cost and delay that would accompany the appeal.

We may award sanctions when an appeal is frivolous or taken solely to cause delay. (§ 907; Cal. Rules of Court, rule 8.276(a).) "[A]n appeal is not frivolous simply because it has no merit." (*Dodge, Warren & Peters Ins. Services, Inc. v. Riley* (2003) 105 Cal.App.4th 1414, 1422.) The punishment of sanctions "should be used most sparingly to deter only the most egregious conduct." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 651.)

Although we have rejected Whiting's arguments, we conclude the appeal does not rise to the level of frivolous. Nor does the record establish that the appeal was prosecuted solely to harass the respondent or delay the effect of an adverse judgment. We therefore deny the request for sanctions.

## DISPOSITION

The order vacating the judgment is affirmed.  The motion for sanctions is denied.  Murray shall recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

HANASONO, J.